```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
PATRICIA RANTA, NICHOLAS
RANTA, and PRISCILLA RANTA,

                Plaintiffs,

        -against-                                    MEMORANDUM AND ORDER
                                                     Case No. 14-CV-3794 (FB) (LB)
THE CITY OF NEW YORK, NEW
YORK CITY POLICE DEPARTMENT,
and LOUIS SCARCELLA, and
STEPHEN CHMIL, individually and as
Members of the New York City Police
Department, and JOHN AND JANE
DOE POLICE OFFICERS #1-15,

                Defendants.
--------------------------------------------------x
```
**BLOCK, Senior District Judge:**

David Ranta spent twenty-three years in prison for a murder he did not commit. *See* Frances Robles, *Man Framed by Detective Will Get $6.4 Million From New York City After Serving 23 Years for Murder*, N.Y. Times, Feb. 20, 2014, at A19. He settled with the City of New York before filing suit, but his ex-wife and children filed this action under 42 U.S.C. § 1983. They claimed that wrongdoing by Louis Scarcella and Stephen Chmil, two detectives with the New York City Police Department, prevented them from timely pursuing state-law claims, in violation of their Fourteenth Amendment right to access to courts.

In a prior memorandum and order, the Court held that the plaintiffs' access-to-courts claim was not viable because their underlying state-law claims—namely, loss of spousal and parental consortium, intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED")—could still be asserted in a timely manner under the relation-back doctrine of Federal Rule of Civil Procedure 15(c)(1)(B). *See Ranta v. City of New York*, 2018 WL 3127154 (E.D.N.Y. June 26, 2018). The Court deemed the complaint amended to assert those claims and elected to exercise supplemental jurisdiction over them. *See id.* at *3.

The defendants now move for reconsideration. They argue that certain flaws in the plaintiff's state-law claims make the deemed amendment futile. In the alternative, they ask for a pre-motion conference to discuss a potential motion to dismiss the state-law claims. Plaintiffs, meanwhile, move for leave amend to specifically plead claims for loss of consortium, IIED and NEID, *and* to add a state-law claim for negligent hiring, training and supervision against the City. *See Quiroz v. Zottola*, 948 N.Y.S.2d 87, 89 (2d Dep't 2012) ("[S]uch a claim is permitted when punitive damages are sought based on facts evincing gross negligence in the hiring or retention of an employee.").

The defendants' arguments on reconsideration were not raised in their original briefing. Parties may not use a motion for reconsideration to "advance

new facts, issues, or arguments not previously presented to the Court." *Nat'l Fire Union Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (citation and internal quotation marks omitted). To be fair, however, the new arguments deal with issues that were not apparent from the original complaint. The Court deemed the complaint amended because "the underlying [state-law] claims are elements of the access-to-courts claim," *Ranta*, 2018 WL 3127154, at *2, but those state-law claims were not explicitly alleged as separate claims. As a result, the defendants have posited defects in the claims that are somewhat hypothetical and might be cured by more fulsome pleading. As the Court further noted, "the plaintiffs are now in possession of sufficient facts to allege their state-law claims [and] any weaknesses in the claims are presumably due to factors other than the alleged actions of Scarcella and Chmil." *Id.* at *3 n.2.

The Court concludes that the most sensible approach in the circumstances is to deny the motion for reconsideration, grant the motion for leave to amend, and schedule, if need be, a pre-motion conference to discuss whether the defendants wish to present their arguments in a motion to dismiss the amended complaint. Therefore, the plaintiffs shall, within 30 days of this memorandum and order, file and serve an amended complaint alleging whatever state-law claims they assert were hampered by the detectives' wrongdoing; they should not reallege the federal claims, which have been dismissed. If the defendants are not satisfied with the

3

amended complaint, they may, within 20 days, submit a letter requesting a pre-motion conference and identifying any grounds for a motion to dismiss; the plaintiff may submit a letter in response. Both parties must comply with the Court's individual rules regarding pre-motion conferences and, in particular, must discuss settlement prior to the conference.

**SO ORDERED**.

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
June 20, 2019