14 CV 3794 (FB)(LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICIA RANTA, NICHOLAS RANTA, and PRISCILLA RANTA,

                                                                                  Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

                                                            Defendants.

**SUPPLEMENTAL BRIEF BY DEFENDANTS CITY OF NEW YORK AND STEPHEN CHMIL RE UNSEALING RELEASE**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants City of New York and Stephen Chmil*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Mark D. Zuckerman, Esq.*
*Tel: (212) 356-3519*

## TABLE OF CONTENTS

                                                        **Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT

        POINT I

               THE "RELEASE" SIGNED BY DAVID RANTA DOESN'T COMPLY WITH C.P.L. §160.50 AS TO DEFENDANTS' ABILITY TO RECEIVE AND UTILIZE THE KINGS COUNTY DISTRICT ATTORNEY'S DOCUMENTS .................................................................. 1

CONCLUSION ............................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**                                                                                                                     **Pages**

Basile v. City of New York,
    17 CV 9060 (ER),
    2019 U.S. Dist. LEXIS 162177 (S.D.N.Y. Sept. 20, 2019)..................................................................3

Cabble v. Rollesion,
    04 CV 9413 (LTS)(FM),
    2006 U.S. Dist. LEXIS 7385 (S.D.N.Y. Feb. 24, 2006)............................................................. 2-3

Ferreria v. Paladium Realty Partners,
    160 Misc.2d 841 (S. Ct. N.Y. Cty. 1994) ..................................................................................2

Harper v. Angiolillo,
    89 N.Y.2d 761 (1997) ...............................................................................................................2

Kalogris v. Roberts,
    185 A.D.2d 335, 586 N.Y.S.2d 806 (2nd Dep't 1992)...............................................................5

Maxie v. Gimbel Bros.,
    102 Misc.2d 296 (S. Ct. N.Y. Cty. 1979) ..................................................................................3

Middleton v. City of New York,
    10 CV 2540 (CBA)(LB),
    2010 U.S. Dist. LEXIS 85911 (E.D.N.Y. Aug. 9, 2010).............................................................2

Pena v. Police Officer Cheryl Wilson,
    06 CV 542 (NG)(LB),
    2006 U.S. Dist. LEXIS 116848 (E.D.N.Y. June 30, 2006) ........................................................3

Peterson v. Mejia,
    10 CV 1691 (SAS),
    2010 U.S. Dist. LEXIS 105190 (S.D.N.Y. Sept. 30, 2010).........................................................3

Rafter v. Bank of America,
    04 CV 3341 (JSR)(KNF),
    2011 U.S. Dist. LEXIS 76082 (S.D.N.Y. June 28, 2011).........................................................2

Ragland v. New York City Housing Authority,
    201 A.D.2d 7 (2nd Dep't 1994).................................................................................................3

Weir v. City of New York,
    05 CV 9268 (RCC)(DFE),
    2007 U.S. Dist. LEXIS 98017 (S.D.N.Y. Feb. 16, 2007)..........................................................5

**Cases** **Pages**

**Statutes**

C.P.L. § 160.50 ...................................................................................................1, 2, 3, 4, 5

C.P.L § 160.50(1)(c) ........................................................................................................3

C.P.L § 160.50(1)(d) ..................................................................................................1, 2, 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PATRICIA RANTA, NICHOLAS RANTA, and
PRISCILLA RANTA,

                                                                    Plaintiffs,

-against-

THE CITY OF NEW YORK, et. al.,

                                                                    Defendants.

**SUPPLEMENTAL BRIEF BY DEFENDANTS CITY OF NEW YORK AND STEPHEN CHMIL RE UNSEALING RELEASE**

14 CV 3794 (FB)(LB)

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

       Defendants City of New York (the "City") and Stephen Chmil, hereby respectfully submit their supplemental Memorandum of Law in accordance with the Court's Order of October 16, 2020. For the reasons set forth herein, the release provided by David Ranta does not "designate" defendants as their agents in accordance with C.P.L §160.50(1)(d), therefore, the City respectfully submits that it is inadequate as a matter of law to allow these entities to receive or utilize the Kings County District Attorney's files (or any other sealed records that plaintiffs may seek herein).

## ARGUMENT

### POINT I

**THE "RELEASE" SIGNED BY DAVID RANTA DOESN'T COMPLY WITH C.P.L. §160.50 AS TO DEFENDANTS' ABILITY TO RECEIVE AND UTILIZE THE KINGS COUNTY DISTRICT ATTORNEY'S FILES**

In pertinent part, "CPL. 160.50 provides that upon the 'termination of a criminal action or proceeding against a person in favor of such person,' and where the interests of justice do not require otherwise, 'the record of such action or proceeding shall be sealed. CPL 160.50[1]'…'The statute further requires that '(d) such records shall be made available to the person accused or to such person's designated agent.''" Harper v. Angiolillo, 89 N.Y.2d 761, 764-765 (1997). The release provided by David Ranta only designates plaintiffs' counsel, Peter Dee as his designated agent.[1] Since it does not designate defendants as David Ranta's designated agent(s), it does not comport with C.P.L §160.50 as to the documents in the Kings County District Attorney's Office's possession (or in the City's possession) as to defendants. Adding the defendants as David Ranta's "agents" in an unsealing release would allow the documents to be received and utilized by defendants herein in accordance with C.P.L §160.50(1)(d).

In order for defendants to review and use the Kings County District Attorney's files in this litigation,[2] a proper unsealing release is needed. Ferreria v. Paladium Realty Partners, 160 Misc.2d 841, 842 (S. Ct. N.Y. Cty. 1994) (internal citations omitted) ("absent a waiver by the holder of that statutory privilege, a civil litigant has no right to procure or examine a sealed record"); see Middleton v. City of New York, 10 CV 2540 (CBA)(LB), 2010 U.S. Dist. LEXIS 85911, at *2 (E.D.N.Y. Aug. 9, 2010) (M.J. Bloom) ("Plaintiff is hereby ordered to sign the release so that defendants can access the sealed records relating to the arrest and prosecution that are the subject of this litigation."); Rafter v. Bank of America, 04 CV 3341 (JSR)(KNF),

---

[1] This is not the usual scenario where a plaintiff (the accused) provides a C.P.L. §160.50 release designating the Corporation Counsel as his/her agent and the Corporation Counsel's Office assists in the production of documents from the District Attorney's Office. Also, in this case, the Kings County District Attorney's Office will be reviewing and producing documents itself.

[2] The Kings County District Attorney's Office will not provide defendants a copy of its documents with the release that David Ranta has provided, but only to Mr. Dee.

2

2011 U.S. Dist. LEXIS 76082, at *4 (S.D.N.Y. June 28, 2011) (M.J. Fox) ("…the Court ordered Rafter to execute the requisite document(s) to enable the sealed records to be disclosed to the defendants."); Cabble v. Rollesion, 04 CV 9413 (LTS)(FM), 2006 U.S. Dist. LEXIS 7385, at *27-28 (S.D.N.Y. Feb. 24, 2006) (M.J. Maas) ("Here, Cabble has a form of limited control over the sealed documents since he can, by executing the releases, cause the files to be made accessible to the City and individual defendants."); Basile v. City of New York, 17 CV 9060 (ER), 2019 U.S. Dist. LEXIS 162177, at *15 (S.D.N.Y. Sept. 20, 2019) ("Because Basile has not signed the § 160.50 releases, the City cannot look at the records surrounding the incident at Madison Square Garden."); Peterson v. Mejia, 10 CV 1691 (SAS), 2010 U.S. Dist. LEXIS 105190, at *1 n.2 (S.D.N.Y. Sept. 30, 2010) ("A C.P.L §160.50 release allows the City of New York to obtain access to sealed police records."); Ragland v. New York City Housing Authority, 201 A.D.2d 7, 12 (2nd Dep't 1994) ("While it is true that the arresting officer filed reports with the Authority and with the Criminal Court, those files and reports are not available to the Authority at this time…It is clear, therefore, that the Authority does not have access to the files of the Criminal Court, the District Attorney, or even the files maintained by the Authority's Police Department, since it is a police agency within the meaning of CPL 160.50 (1)(c)."); Maxie v. Gimbel Bros., 102 Misc.2d 296, 302 (S. Ct. N.Y. Cty. 1979) ("The defendant in this case has no right to procure or examine the sealed record unless plaintiff waives the statutory privilege and consents thereto."); Pena v. Police Officer Cheryl Wilson, 06 CV 542 (NG)(LB), 2006 U.S. Dist. LEXIS 116848, at *3 (E.D.N.Y. June 30, 2006) (M.J. Bloom) (defendants directed to provide unsealing release for plaintiff to execute in order to obtain sealed records). Given David Ranta's failure to designate defendants as his agent(s), the release he provided does not allow defendants to receive and use these records in this litigation in accordance with C.P.L. §160.50.

3

Plaintiffs' counsel asserts in his Declaration at Docket 69, par. 4, that David Ranta has authorized Mr. Dee to share the sealed records Mr. Dee receives from the Kings County District Attorney's Office with defendants, as long as defendants only use these documents for the purpose of defending this litigation.  Mr. Dee's hearsay assertion is not sufficient under C.P.L §160.50, as defendants have not been designated as David Ranta's agent in the unsealing release he provided, nor do plaintiffs even argue, nor could they, that defendants are David Ranta's "authorized representative(s)."  Further, the release that David Ranta signed says nothing about the sealed documents being provided to or utilized by defendants.  It only states that the records be made "available" to Mr. Dee, and C.P.L §160.50(1)(d) only allows for documents to be made "available" to designated agents, not for purposes of an agent to transfer to another undesignated entity. C.P.L §160.50(1)(d) ("such records <u>shall be made available</u> to the person accused or to such person's designated agent.'') (emphasis added).

Mr. Dee's declaration at par. 6 also states that David Ranta does not "trust" defendants, and that he is conferring with his attorney.  This assertion only adds to the City's concerns in light of the inadequate unsealing release provided to date by David Ranta.  It should also be pointed out that it appears that Mr. Dee is attempting to use the unsealing release provided by David Ranta to give him some type of advantage in the use of these documents.  It is believed that it is Mr. Dee's present position that he can use the documents in any manner he chooses (despite the Court's admonition at the last conference that he cannot use David Ranta's documents in any way he want), and that defendants, by virtue of Mr. Dee's declaration which contain hearsay statements of David Ranta at Docket 69, par. 4, are limited to using the

4

documents in defense of this litigation. (The use of these documents for purposes of the prosecution and defense of these documents is what <u>all parties</u> should be limited to).[3]

Defendants also note that since David Ranta is not a party to this lawsuit, there is no implied waiver of C.P.L. §160.50 that may exist if the plaintiffs had been the criminally accuseds. <u>Weir v. City of New York</u>, 05 CV 9268 (RCC)(DFE), 2007 U.S. Dist. LEXIS 98017 (S.D.N.Y. Feb. 16, 2007) (quoting <u>Kalogris v. Roberts</u>, 185 A.D.2d 335, 586 N.Y.S.2d 806, 807 (2nd Dep't 1992) ("… [w]here an individual commences a civil action and affirmatively places the information protected by C.P.L. 160.50 into issue, the privilege is effectively waived.") Thus, the filing of this lawsuit by plaintiffs does not waive David Ranta's interests by virtue of C.P.L. §160.50, and it is thus imperative for him to execute a proper release.

The City also respectfully submits that the fairest method of distribution for these documents would be for the Kings County District Attorney's Office to distribute a set of the documents it produces to all parties, which it cannot and will not at this time, and not for Mr. Dee to be producing them to defendants upon any receipt from the Kings County District Attorney's Office.

## CONCLUSION

For the foregoing reasons, defendant City respectfully submits that the "release" provided by David Ranta does not comply with C.P.L. §160.50 and that a proper release should be executed by him to allow defendants to receive and utilize the Kings County District Attorney's Office files.

Dated:      New York, New York
            October 23, 2020

---

[3] In accordance with Court's directive at the initial conference, the City's counsel prepared a draft of a confidentiality stipulation and provided it to Mr. Dee on October 15, 2020. Mr. Dee has not yet responded with any comments.

5

JAMES E. JOHNSON
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York and*
 *Stephen Chmil*
100 Church Street
New York, New York 10007
(212) 356-3519

By:   /s/ Mark D. Zuckerman
       MARK D. ZUCKERMAN

6