

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

November 10, 2020

**VIA ECF**
The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Patricia Ranta, et. al. v. City of New York, et. al., 14 Civ. 3794 (FB)(LB)

Your Honor:

I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, representing defendants City of New York and Stephen Chmil in the above referenced matter.  Defendants respectfully request that the Court enter a protective order in accordance with Rule 26(c), Fed. R. Civ. P., and/or reinforce its prior order regarding confidentiality in connection with the documents concerning David Ranta's underlying arrest and prosecution that the Kings County DA will be producing herein.

Following the court conference of October 27, 2020, in accordance with Your Honor's directive, I reached out to the Kings County District Attorney's Office to facilitate the production of the foregoing documents for use by the parties in this litigation.  The Kings County District Attorney proposed the following approach:  1) A production on discs of the documents previously produced to David Ranta's attorney, Pierre Sussman, pursuant to a FOIL request, and the New York State Attorney General's Office within approximately two weeks; 2) The remainder of the responsive Kings County District Attorney's Office's documents not claimed to be privileged would be produced in February, 2021, given the COVID restrictions which that Office is working under presently, and which would be followed by a privilege log prepared by the Kings County District Attorney's Office.  Counsel for all parties met telephonically with a representative of the Kings County District Attorney's Office on November 5, 2020, and accepted this approach.

Integral to this Court's ruling that the documents would be turned over to Mr. Dee pursuant to the CPL 160.50 release which David Ranta signed was the following ruling with respect to the Kings County District Attorney's Office's documents:  **"And there should be an agreement in the confidentiality agreement that the records that are received, which have been released by Mr. Ranta, are going to be used solely for the purpose of this litigation. Mr. Ranta gave them to Mr. Dee for the purpose of this litigation."**  (Docket 73, pp. 13-14) (emphasis added)

Part of my objection to the CPL 160.50 release which David Ranta signed was that Mr. Dee continually stated in "meet and confers" that the foregoing CPL 160.50 release gave him greater rights other than simply receiving and distributing the documents from the Kings County District Attorney's Office.  My suspicion was that Mr. Dee believed that he could improperly share these documents publicly, and that defendants would not even have an opportunity to respond because of the CPL 160.50 release that David Ranta had signed in favor of Mr. Dee only.  However, the Court's foregoing restriction on the use of these documents satisfied me at least to the limited extent that this was not going to be an issue.

However, this morning, during counsels' latest "meet and confer," Mr. Dee now takes the position that the foregoing restriction imposed by the Court on these documents, namely that they would only be used for purposes of this litigation, **does not** require this restriction to be put into the confidentiality stipulation that the parties are negotiating (and there remain numerous other disputes regarding the confidentiality stipulation).  Mr. Dee also disclosed for the first time that David Ranta had ordered him to provide him all documents received from the Kings County District Attorney's Office, and that David Ranta was going to put certain of those documents on the internet.  This is a blatant attempt to circumvent the Court's order that these documents should only be used for purposes of this litigation (which should be memorialized in the parties' confidentiality stipulation), and an "end run" by Mr. Dee (and David Ranta) around the Court's order in this regard.

We therefore request that a protective order be granted, and/or that the Court reinforce that these documents may only be used for purposes of this litigation, and that the confidentiality order being negotiated by the parties must include such a provision. We further request that the Court order that the Kings County District Attorney's Office not turn over any documents to Mr. Dee until the confidentiality agreement is finalized and entered to ensure that there is no misuse of these documents.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman
Senior Counsel

cc:     All Counsel (via ECF)
        Toni Lichstein, Esq. (Kings County District Attorney's Office) (via email)