

**JAMES E. JOHNSON**
*Corporation Counsel*

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

November 12, 2020

**VIA ECF**
The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Patricia Ranta, et. al. v. City of New York, et. al.</u>, 14 Civ. 3794 (FB)(LB)

Your Honor:

       I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, representing defendants City of New York and Stephen Chmil in the above referenced matter. The parties write jointly to provide the required status report in accordance with the Court's Order of October 27, 2020.

### 1) Kings County District Attorney's Office Documents:

       Defendants' Position: Following the court conference of October 27, 2020, in accordance with Your Honor's directive, counsel for the City and Chmil reached out to the Kings County District Attorney's Office to facilitate the production of the foregoing documents for use by the parties in this litigation. The Kings County District Attorney proposed the following approach: 1) A production on discs of the documents previously produced to David Ranta's attorney, Pierre Sussman, pursuant to a FOIL request, and the New York State Attorney General's Office within approximately two weeks; 2) The remainder of the responsive Kings County District Attorney's Office's documents not claimed to be privileged would be produced in February, 2021, given the COVID restrictions which that Office is working under presently, and which would be followed by a privilege log prepared by the Kings County District Attorney's Office. Counsel for all parties met telephonically with a representative of the Kings County District Attorney's Office on November 6, 2020, and accepted this approach.

Thereafter, defendants moved for a protective order and reinforcement of this Court's Order regarding the confidentiality of these documents at Dockets 74 and 75.

Plaintiffs' Position: Plaintiffs disagree that any such Court order exists, and maintains that i) they are bound by the Scope of their agency with David Ranta with respect to the use of his unsealed criminal file (that agency authorizes plaintiffs to turn over unsealed documents to the defendants on a confidential basis, and requires plaintiffs to provide a copy of any newly unsealed documents to David Ranta, who made this directive after being informed that the District Attorney intends to expand the scope of the documents being unsealed from those previously turned over to David Ranta, in light of new case law regarding freedom to information.

**2) Confidentiality Stipulation:** Following the court conference of October 27, 2020, undersigned counsel prepared the second draft of a confidentiality stipulation and distributed it to counsel for the parties on October 30, 2020. The parties subsequently conducted a "meet and confer" regarding the Confidentiality Stipulation and major impasses remain.

**3) Medical Releases:** On November 11, 2020, Mr. Dee provided releases for eight providers. Our Office will process those releases immediately.

**4) Discovery Schedule:** The parties conducted a "meet and confer" on November 10, 2020, and did not reach agreement on a discovery schedule going forward.

Defendants propose the following discovery schedule: Paper discovery to commence on upon the entry by the Court of the Confidentiality Stipulation. The City defendants propose depositions to begin upon receipt of the second batch of Kings County District Attorney's Office Documents and to last for four months. The City defendants further propose a period of three months for expert discovery thereafter with the City defendants' expert disclosures due 45 days after service of plaintiffs' expert disclosures.

Plaintiffs' position: Plaintiffs agree except contend that depositions should proceed per the FRCP, including prior to production of the second batch of Kings County District Attorney's Office Documents, subject to reconvening the deposition of any witness who has already testified prior thereto, but limited to questions arising from new information produced in said 'second batch', as allowed by FRCP 30(d)(1).

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman
Senior Counsel

cc: All Counsel (via ECF)