UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


```
----------------------------X
                            :
PATRICIA RANTA, et al.,     :
                            :    14-CV-3794 (FB)(LB)
            Plaintiff,      :
                            :    November 24, 2020
                            :
            V.              :    Brooklyn, New York
                            :
CITY OF NEW YORK, et al.,   :
                            :
            Defendant.      :
----------------------------X
```


TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
BEFORE THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:        PETER DEE, ESQ.


For the Defendant:        MARK ZUCKERMAN, ESQ.
                          BRYAN HA, ESQ.


Audio Operator:


Court Transcriber:        ARIA SERVICES, INC.
                          c/o Elizabeth Barron
                          102 Sparrow Ridge Road
                          Carmel, NY 10512
                          (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1          THE CLERK:  Civil cause for telephone status

2    conference, docket number 14-CV-3794, Ranta v. City of

3    New York.

4          Will the parties please state your names for

5    the record.

6          MR. DEE:  This is Peter Dee with the law

7    firm of Mavronicolas & Dee for the plaintiffs.

8          MR. ZUCKERMAN:  Mark Zuckerman, office of

9    the corporation counsel, for defendants City of New

10   York and Stephen Chmil.

11         MR. HA:  Bryan Ha with the Law Office of

12   Richard Signorelli for defendant Louis Scarcella.

13         THE CLERK:  The Honorable Lois Bloom

14   presiding.

15         THE COURT:  Good afternoon, Mr. Dee, Mr.

16   Zuckerman, and Mr. Ha.  This is a telephone conference

17   in plaintiff's civil rights action.  I hate to say it

18   but it feels like the parties here are never going to

19   get anything done and we're going to be stuck in this

20   vortex of fighting about almost everything in the case.

21   This conference is to resolve the dispute regarding the

22   protective order.  Defendants want a protective order

23   prohibiting the use of records from the underlying

24   criminal case outside of this litigation, and

25   plaintiffs will not agree.

1          Mr. Dee, I have said all along that they're

2     going to want something in place before they start

3     turning over other records.  It's unclear to me, sir,

4     what Mr. Ranta's position is because you don't remember

5     Mr. Ranta.  Okay, he signed a release and that enables

6     you, on behalf of his former spouse, plaintiff Patricia

7     Ranta, and his two children, Nicholas and Priscilla

8     Ranta, to get the records so you can try to make your

9     claim that this was negligent infliction of emotional

10    distress, that it was loss of consortium as to Patricia

11    Ranta, and that these two officers should not have been

12    hired and that it was negligent on the City to keep

13    them on or to hire them in the first place, that there

14    was no training.

15          MR. DEE:  Correct.

16          THE COURT:  So I don't really get why I'm

17    dealing with David Ranta.  I don't have anything to do

18    with David Ranta and you shouldn't have anything to do

19    with him, either.  And if you want to represent him in

20    a separate proceeding, that's fine, but he's not in

21    this proceeding.  So why am I hearing that you have to

22    turn these documents over to him?  That's not what he

23    signed.  He signed something giving you authority to

24    get these documents for the purpose of the case against

25    Patricia -- the case where you're representing

1  Patricia, Nicholas, and Priscilla.

2          MR. DEE:  Yes.  He's authorized me to act as

3  his agent in order to get those documents, to which

4  he's entitled.

5          THE COURT:  But he's not party to this case,

6  sir.

7          MR. DEE:  That's correct, and I submitted

8  the authorization through a FOIA request, actually, not

9  even through anything technically connected with this

10 case.  So when I informed him, after our conversation

11 with the D.A. which Mr. Zuckerman arranged, the D.A.

12 informed us that the records that David Ranta's prior

13 lawyer had received with his own authorization was a

14 more limited set of documents than what we will expect

15 to receive.  And when I informed Mr. Ranta of that, he

16 said, well, I want copies -- I want copies.  He wants

17 to see what's new in his record that's now being turned

18 over that wasn't turned over before.

19         THE COURT:  That's fine, but he can file his

20 own separate case.  I don't have him in this case.  So

21 I understand that he signed a release and from what I

22 understand, the law has changed, which is why his

23 lawyer did not get everything that they may produce to

24 you.  But unless you're representing him in some

25 capacity, I shouldn't be dealing with David Ranta.

He's not part of this case.

Mr. Zuckerman, the City settled the case with Mr. Ranta.  I don't know if there were any provisos in that case that he had to keep anything confidential.  So I don't understand why the City is expecting me to deal with David Ranta in this case, where he's not a party.

MR. ZUCKERMAN:  Well, your Honor, as you ruled I believe at the last conference that these documents --

THE COURT:  I did not rule.  I did not rule. I say that generally speaking, parties enter into confidentiality agreements, which means that they're only going to exchange documents for the purpose of this litigation, and that they agree that they're not going to do anything with those documents like put them on the internet.  But Mr. Dee is not saying he's going to put them on the internet and Ms. Priscilla, Nicholas, and Patricia Ranta aren't saying they're going to put them on the internet.

MR. ZUCKERMAN:  Well, we don't believe that a 160.50 release that was provided to the Kings County D.A. for use in this case should be used as a funnel of documents that are produced in this case by Mr. Dee to David Ranta, who is a nonparty.  I mean, it's just not

1   appropriate.

2           THE COURT:  So if David Ranta wants to apply

3   -- excuse me.  If David Ranta wants to apply for those

4   documents, he'll be entitled to them, won't he?

5           MR. ZUCKERMAN:  I don't know what objections

6   if any the Kings County D.A. may have but that's not

7   what's being dealt with in this case.

8           THE COURT:  I agree with you that that's not

9   what I need to deal with in this case, but that's what

10  both sides are presenting to me as the dispute here.

11          So, Mr. Dee, I do believe you're entitled to

12  get documents and I do believe that the documents

13  should be produced to you, and I do believe that your

14  clients have gotten permission from David Ranta to get

15  those documents.

16          MR. DEE:  Correct.

17          THE COURT:  What else is it that I need to

18  discuss about Priscilla, Nicholas, and Patricia Ranta,

19  because as to David Ranta's rights, unless you

20  represent him in this matter, I don't know what his

21  rights are just because he signed something saying that

22  you are authorized as his agent to get these records.

23          MR. DEE:  Well, as his agent, he's asked me

24  to give him copies of the records and it's his -- as we

25  discussed at the last conference, the whole purpose

1  about sealing this is to protect him, not the City --

2              THE COURT:  I understand that but he's not a

3  plaintiff before the Court and you're asking me to

4  make --

5              MR. DEE:  I understand, your Honor.

6              THE COURT:  You're asking me to make a

7  determination on whether or not he's entitled to

8  documents, where I do not have him as a party to this

9  litigation.  Why don't you file a separate matter for

10 him and you could duke it out with the defendants.  If

11 this was a FOIA request, that's state law, it's not

12 even federal law.  FOIA is a state law.  So if he

13 wanted the same documents that are being produced to

14 you as counsel to his ex-wife and children, he may be

15 entitled to them, but I don't know that he has to get

16 them through this case.  He authorized you as his agent

17 to get those disclosures for this case, Mr. Dee.

18             MR. DEE:  Correct, but he also asked for a

19 copy, which he's entitled to, of the documents through

20 me as his agent, and I submitted the request as a FOIA

21 with the authorization attached.  I didn't even

22 reference this case necessarily.  So the issue of him

23 signing the form and me submitting it to the D.A.'s

24 office, that really is outside of this case.  The D.A.

25 is treating it as though it's a subpoena response

according to them but technically, it's a FOIA request that I submitted with the proper authorization. If the D.A. wants a protective order, they can seek one in state court as you note.

But part of the scope of my agency as the recipient of those documents is to give a copy to him and he can do with them, as his documents, what he wants. And as I mentioned to Mr. Zuckerman, if he wanted to put some things on the internet, I can't stop him from doing that. These are his -- these are technically his documents so I don't understand why we to have some specific details of confidentiality and use of those documents in an order in this case, where really it's up to him what he wants to do with those documents. And what the City is really trying to do here is limit the use of these documents in a way that will curtail me and David Ranta potentially in the future for whatever else he might want to use them for, and I don't think that's appropriate.

THE COURT: I have no interest in curtailing David Ranta. He is not a party to this action. I do believe that under ordinary circumstances, when a case is filed, and it could be an employment case, and there are going to be records turned over of other people who worked for the employer, there's going to be a

protective order, which I generally oversee and I get
it to be mutual.

So for instance, Patricia Ranta is having to
turn over records regarding her medical and mental
health treatment, so I wouldn't want the defendants to
be able to use that for any other purpose.  So the
protective order would protect Ms. Ranta's rights
regarding her medical records, which she had to sign a
release in order for those records to be used in the
case.  So I understand what you're saying to me but how
do we resolve this?

And, Mr. Zuckerman, I do believe that Mr.
Dee's point is well-taken, that there is a state law
process for you to try to stop David Ranta from using
these documents.  I don't know what you're going to
claim as the basis since I do believe Mr. Dee has
correctly stated the purpose of the law is to seal the
documents to protect the person who was wrongly
convicted.  And since the City already settled this
case that Mr. Ranta brought, I'm not interested in
dealing with David Ranta's claim and the City's
reluctance to turn over documents in his ex-wife's
case.  I don't think you've given me any law.  I do
understand that you made some progress, that the Kings
County D.A. said they've produced the disks that had

1  previously been produced to Pierre Sussman (ph) and

2  that that would be produced within two weeks.

3          Was that already done, Mr. Dee?

4          MR. DEE:  No.  By the way, Mr. Zuckerman

5  informed them not to produce the documents until this

6  issue was resolved between us and the Court and I take

7  issue with that.

8          MR. ZUCKERMAN:  I asked them to wait until

9  we get a ruling on the confidentiality part of this so

10 we have a ruling before they do it, but they're ready

11 to turn them over.

12         THE COURT:  Again, your letter to me said

13 that they were going to produce it within two weeks,

14 and that letter was sent to me on November 10th, and I

15 do believe we're two weeks past that date.  Look, I

16 don't want you to play this on both sides, Mr.

17 Zuckerman.  That does nothing for us, all right?  You

18 have this situation.  I understand the City and the Law

19 Department's position but I do not have a case where

20 David Ranta is at issue.  He is not part of this case.

21 He's already signed a rehearse.  That release was to

22 make Mr. Dee his agent, and I don't understand why I am

23 being called upon to deal with somebody who is a

24 nonparty who has a right to those records.

25         MR. ZUCKERMAN:  Your Honor, I don't believe

1    he has a right to those records through this

2    proceeding.  The last time we met, we talked about a

3    resolution where the Kings County D.A.'s office was

4    going to turn over documents to Mr. Dee to be produced

5    to us as part of this case and for the purposes of this

6    litigation.  There was nothing about documents going to

7    David Ranta.  If David Ranta wants these documents, he

8    should submit a proper request, either in --

9              THE COURT:  He did, he did, he did.

10              MR. DEE:  He did.  He did through me.

11              THE COURT:  Through Mr. Dee.

12              MR. DEE:  Exactly.  Your Honor --

13              THE COURT:  He filed a FOIA request through

14   Mr. Dee.  Mr. Dee filed it on his behalf.

15              MR. DEE:  And if I -- and what we should put

16   in this protective order is that the defendants, when I

17   turn it over to them, analogous to the plaintiff's

18   medical records, are bound to the confidentiality.  If

19   David Ranta decides he wants to do something or

20   instructs me to do something outside of this case with

21   respect to those records, that's his choice.

22              THE COURT:  I don't agree with you there

23   because, again, I don't really understand why David

24   Ranta -- are you representing him?

25              MR. DEE:  Only in so far as I'm the agent to

1  receive these records for him.

2          THE COURT:  Well, again, if you're the agent

3  to receive the records and you're receiving the records

4  on behalf of his former spouse and his children, then

5  you can be subject to a mutual confidentiality order

6  for the purpose of this proceeding.  But that doesn't

7  tie David Ranta's hands because he's not a party to

8  this proceeding.

9          And if he is somebody who is entitled to

10  these documents, Mr. Zuckerman, then I don't know what

11  the City expects the Court to do.  The FOIA law says

12  that somebody has the right to get their documents in

13  their underlying criminal case where that criminal case

14  has been sealed for their protection.  So he's entitled

15  to these documents.

16          MR. ZUCKERMAN:  Your Honor, the FOIL -- a

17  FOIL request is different from the scope of documents

18  that would be produced in this litigation, and it was

19  the Kings County D.A.'s understanding from the last

20  conference that these documents were being turned over

21  for use in this litigation.  It wasn't -- these

22  documents are not being produced in response --

23          THE COURT:  Mr. Zuckerman, I've never had

24  the Kings County D.A. on the line, I've only had you on

25  the line.  So when you're telling me that it was their

understanding, we're talking about the game of

telephone here because I've never had the Kings County

D.A. come on the line.  And if they wanted to be an

interested party and give me case law to support their

position, they were entitled to do that.  But instead,

you keep writing letters to me as if I've already ruled

on this.

I have not, and you're not supplying me with

anything other than the argument that they shouldn't

have to turn over documents to David Ranta.  I'm not

turning documents over to David Ranta.  Mr. Dee has

gotten him to sign a release, which is a 160.50

release, so I don't know why you're saying it isn't.

MR. ZUCKERMAN:  All I'm saying is that a

response to a FOIL request will necessarily involve

different documents than documents that are being

produced in this litigation.  All I'm saying is that

the Kings County D.A. has not responded to the FOIL

request of Mr. Dee that he's apparently making on

behalf of Mr. Ranta.  They're two different things.

THE COURT:  And when I tell you that Mr. Dee

has gotten Mr. Ranta to sign a CPL 160.50 release, can

we agree that that has happened?

MR. ZUCKERMAN:  Yes.

THE COURT:  So maybe there's a FOIA request

1  that's separate and apart but that CPL 160.50 provides

2  that sealed records shall be made available to the

3  person accused or to such person's designated agent.

4  Isn't that correct?

5       MR. ZUCKERMAN:  I would disagree.  An

6  unsealing release just unseals documents.  It doesn't

7  indicate the scope of the documents that have to be

8  produced.

9       THE COURT:  Do I have to go back and pull

10  the 160.50 release?  I think I'm quoting from the

11  actual form 160.50 release:  "That the sealed records

12  shall be made available to the person accused or to

13  such person's designated agent."

14       MR. ZUCKERMAN:  There still has to be a

15  subpoena or a document request or a FOIL request,

16  depending on the type of proceeding in which the

17  unsealing release is being provided.

18       THE COURT:  Mr. Zuckerman, you are going

19  around and around and around in circles.  Mr. Dee has

20  produced an unsealing request signed by David Ranta.

21  Mr. Dee is entitled to those records.  You are saying

22  unless he signs something, the Brooklyn D.A. doesn't

23  want to give him the records, but you've given me no

24  basis for withholding those records.

25       MR. ZUCKERMAN:  I'm not trying to have the

1  Kings County D.A. withhold the records.  I'm saying
2  those documents should not be funneled by Mr. Dee to
3  David Ranta, and then he's going to put them on the
4  internet and somehow we're barred by responding.  I
5  mean, that's not appropriate.

6          THE COURT:  Why are you barred -- why are
7  barred by -- what is barred by responding?  You want to
8  go on the internet, too?  You can go on the internet.

9          MR. ZUCKERMAN:  Not really but --

10          THE COURT:  I'm not -- I'm not preventing
11  you.  But all I'm saying is, I cannot govern Mr. David
12  Ranta and I cannot say to Mr. Dee that if Ranta signed
13  this and if 160.50 provides that the sealed records
14  shall be made available to the person accused or to
15  such person's designated agent, it covers David Ranta.
16  Doesn't that sound reasonable to you, Mr. Zuckerman?

17          MR. ZUCKERMAN:  Well, there still has to be
18  either a proper mechanism for --

19          THE COURT:  What is the proper mechanism,
20  sir?  You're really driving me a little bit crazy.
21  What's the proper mechanism?  He did a FOIA request.
22  You're saying it's not that.  He did a 160.50 rehearse.
23  You're saying it's not that.  What is the proper
24  mechanism.

25          MR. ZUCKERMAN:  I mean, it's a request -- I

mean, the proper mechanism is actually a subpoena but the Kings County D.A. agreed to produce these documents without a subpoena.

MR. DEE: I'll be submitting a subpoena as well just so we don't have this dispute later. I'll do a subpoena, I've already done the FOIA request, I've got the release. If the D.A. wants to designate certain documents confidential or file their own motion for a protective order, I'd be happy to address that, but this is just undue delay. It's been six years since we filed this case, it's been about thirty years since David Ranta was put in jail. It's too much, and we're not going to allow the City to take little shortcuts here to try and get some other objective. I mean, this is not how this should be done.

THE COURT: Mr. Dee, I mostly agree with that you're saying but I also have an issue with -- I don't have David Ranta in this case. I have no way of controlling David Ranta's behavior. But I also understand that if he's not a plaintiff in this case and the people that you do represent have some sort of -- I wouldn't say it's a conflict but they have very different interests and claims here. You're not saying that Patricia Ranta or Priscilla Ranta or Nicholas Ranta want to put these things on the internet.

1    MR. DEE:  I'm not saying anybody does.  I'm

2    just saying if David gets these documents, I don't want

3    to have him be bound by a confidentiality order that

4    doesn't let him use them how he would otherwise be

5    authorized to use them, as someone who was wrongfully

6    framed and put in jail for 25 years.  If he wants to

7    put these things --

8    THE COURT:  Again, I do not have David Ranta

9    in front of me so I would not enter into any sort of

10   order where David Ranta's conduct is the subject.  He

11   is not a party to this action.

12   MR. DEE:  Exactly, your Honor.  All I would

13   ask is that we require the defendants to maintain a

14   confidentiality of those unsealed documents, just like

15   they would of plaintiff's medical authorizations.  My

16   agency to deal with these documents for David is

17   between myself and him.  If I abuse that agency to him,

18   he has his proper methods to deal with that.  It's not

19   for the City to try to curtail how -- you know, the

20   scope of that agency or what he might do with those

21   documents.

22   THE COURT:  Mr. Zuckerman, I don't find that

23   there's any basis that's been presented to the Court

24   which would authorize the withholding of the documents

25   that were supposed to be turned over.  That was just

1  the first production of disks pursuant to the FOIL

2  request. You say that the remainder of the responsive

3  documents that are not privileged are going to be

4  produced in February and there will be a privilege log.

5  So, you know, again, it said, counsel for all parties

6  met telephonically with a representative of Kings

7  County D.A.'s office and accepted this approach.

8  That's what should have happened. You should have

9  turned over those disks of the documents previously

10  produced.

11         And as to any of the new documents, you have

12  your method here. You can claim that there's a

13  privilege and produce a privilege log or you'll turn

14  them over in February, 2021. I don't understand why

15  I'm being asked over and over again, Mr. Zuckerman, to

16  decide something that I've already told you -- I don't

17  have David Ranta, Mr. Dee is entitled to get these

18  documents. And if you want an order saying unless

19  they're turned over within X period of time, it's going

20  to be on the City, not on the D.A. because, again, I

21  don't have Mr. Ranta before me.

22         There is nothing in 160.50 that says I must

23  get Mr. Ranta to sign something saying he's only going

24  to use them for this litigation. He's not in this

25  action, he's not before the Court. We both need,

1    meaning plaintiff and defendant in this case both need

2    the records in order to litigate this case.  I gave you

3    time when the case first was called to see if the City

4    wanted to settle the case.

5          The City obviously didn't put anything on

6    the table that the Ranta children and wife wanted, ex-

7    wife wanted, and so here we are.  And you were supposed

8    to turn them over by your own words by today.  Mr.

9    Zuckerman, those are going to be produced tomorrow, by

10   the 25th, by 5:00 on the 25th.

11         MR. ZUCKERMAN:  It's my understanding --

12   assuming they're in tomorrow at the Kings County D.A.,

13   I'll contact them today and tell them to mail it but --

14         THE COURT:  I thought you said that they

15   were going to be produced within two weeks.  That was

16   the agreement back in October.

17         MR. ZUCKERMAN:  Yeah, but then we had this

18   dispute over the confidentiality so I requested in the

19   letter that that be extended.  I mean, Mr. Dee is still

20   claiming we're under a confidentiality -- we're bound

21   by confidentiality when he's not.  I mean, it doesn't

22   make any sense.

23         THE COURT:  What are you talking about?  Did

24   anybody sign anything about confidentiality?  He

25   doesn't want you to use his client's medical records.

1  That would be his interest in getting a confidentiality

2  agreement.  And perhaps Patricia, Priscilla, and David

3  have no problem saying that they will keep this records

4  confidential.  That would be fine with me.

5          MR. ZUCKERMAN:  I'm talking about the Kings

6  County D.A. documents.  Mr. Dee says we're under an

7  obligation to keep them confidential and David Ranta

8  can go on the internet and use them for any purpose he

9  wants.

10          THE COURT:  I don't know why he's saying

11  that.

12          Mr. Dee, if there's no confidentiality order

13  in place, why do you think they have a duty to keep

14  them confidential?

15          MR. DEE:  I think there should be a

16  confidentiality order in place with respect to the

17  defendant's use of these unsealed documents.

18          THE COURT:  What's good for one side is good

19  for the other side.  If there's going to be a

20  confidentiality provision, it's going to cover the

21  three plaintiffs that you represent as well as the

22  defendants.

23          MR. DEE:  That's okay, but I've also got to

24  be able to give the documents to Mr. David Ranta and he

25  should not be encumbered with how he uses them.

```
 1          THE COURT:  He's not a plaintiff here so I
 2   wouldn't say that I could insist that David Ranta would
 3   do anything.  He's not a plaintiff.
 4          MR. DEE:  Or that I could not transmit them
 5   to him.  I think that's --
 6          THE COURT:  I'm not saying -- I'm not saying
 7   any of that.  You were his agent for purposes of the
 8   release.  I understand what their concern is but David
 9   Ranta is a free agent.  He should have been able to get
10   these from Pierre Sussman but I understand that there
11   may be more records that have become available because
12   of a change in the law, and that's something that the
13   D.A.'s office and the City is going to have to live
14   with.  But I do not have David Ranta in this lawsuit.
15          I understand that he has signed a CPL 160.50
16   release that provides that the sealed records
17   underlying his criminal court case shall be made
18   available to him or to his designated agent, who is
19   you, Mr. Dee.  I am not ruling that you cannot give
20   these cases (sic) to David Ranta because I think CPL
21   160.50 on the face of it provides that he's entitled to
22   these records.
23          MR. DEE:  But I would also make one
24   additional point, that if David Ranta and I go through
25   these records, we talk about witnesses that were used
```

1    in different cases, there may be things that we're

2    looking at these documents or talking to certain

3    witnesses in there that aren't necessarily for this

4    case.  And if he authorizes me or wants me to do that

5    or we come to some agreement on that, I don't want to

6    be bound by a limitation in a confidentiality order in

7    this case as to what I might be able to do with or on

8    behalf of Mr. David Ranta in the future unrelated to

9    this case.  That's my main issue, in addition to

10   preventing from David Ranta from doing anything on his

11   own, as of his own right.

12           THE COURT:  Again, I do not have David Ranta

13   in this case.  Mr. Dee, usually, a confidentiality

14   order is protecting the documents that are exchanged in

15   discovery, saying that the plaintiffs will not use it

16   for any other purpose.  It doesn't usually deal with

17   the lawyers because the lawyers have all sorts of

18   ethical obligations by virtue of them being officers of

19   the Court.

20           MR. DEE:  Exactly.  Okay, that's fine with

21   me.

22           THE COURT:  Well, I don't know what you're

23   saying is fine with you.  Both sides have taken what

24   I've said in prior conferences and, in their own mind,

25   think that it supports their version of what should

1  happen in this case.

2          Look, Mr. Zuckerman, I understand it's a

3  holiday.  I don't want to make your life or the Kings

4  County D.A.'s life more miserable.  I'll tell you to

5  produce by the 1st, which is Tuesday.  It gives you an

6  extra several days.  But that should be the disks --

7  listen, sir, don't start mailing them by regular mail.

8  If you need to get something there, you know how to

9  overnight mail it.

10          Where is it that it should be sent, Mr. Dee,

11  because I don't want them sending it to an office that

12  you no longer go to.

13          MR. DEE:  I can have -- I can send an

14  address to Mr. Zuckerman.

15          THE COURT:  Mr. Zuckerman, the Kings County

16  D.A. is going to have to turn over these records, and

17  you're coming up with reasons why it wasn't done right,

18  and Mr. Ranta has a right to those records.  He signed

19  a 160.50 release.  The Court is directing you to turn

20  over the documents.  Have I made myself clear?

21          MR. ZUCKERMAN:  Absolutely.  I just have a

22  question about the confidentiality, that defendants are

23  not under any confidentiality agreement --

24          THE COURT:  Did anybody sign a

25  confidentiality agreement?

1          MR. ZUCKERMAN:  No.

2          MR. DEE:  No.

3          MR. ZUCKERMAN:  But Mr. Dee has requested

4     that.

5          THE COURT:  Yes, but --

6          MR. DEE:  Before I turn over the documents

7     to the defendants, we will have to sign something about

8     that.

9          THE COURT:  Well, both sides are going to

10    have to make arrangements.  When you say before I turn

11    over documents to the defendants, you're talking about

12    the medical records.

13         MR. DEE:  And the documents that the D.A.'s

14    office might turn over because the defendants --

15         THE COURT:  Again, you can't hold them to

16    confidentiality if you're not going to have any

17    reciprocal obligation.

18         MR. DEE:  Well, I will agree that on behalf

19    of the plaintiffs, we can make that reciprocal

20    obligation.  But as the Court noted -- as your Honor

21    noted, as an officer of the Court, as an agent, as

22    David Ranta's agent, that's outside of the scope of

23    this case.  But for the plaintiffs themselves, I can

24    agree to that.

25         THE COURT:  So that's what you need to do,

1    Mr. Zuckerman.  You need to get Patricia Ranta,

2    Priscilla Ranta, and Nicholas Ranta an agreement in

3    place with Mr. Dee.  But as far as Mr. Dee being an

4    agent for David Ranta for the purpose of the 160.50

5    release, I don't think that you can bind him as an

6    attorney from giving those documents over to David

7    Ranta, and you've provided no legal support for your

8    position that he should be bound by some

9    confidentiality provision.  There's been nothing --

10         MR. ZUCKERMAN:  But we're not bound -- but,

11    your Honor, we shouldn't be bound either then.  I mean,

12    he can't bind us -- if Mr. Dee isn't going to be bound

13    by a confidentiality agreement, as your Honor I think

14    stated, we shouldn't be bound by it, either.

15         MR. DEE:  Your client should be.

16         THE COURT:  He said that he could agree on

17    behalf of his clients, who are the plaintiffs in this

18    lawsuit.  He said that he will agree to keep the

19    records confidential for the purpose of Patricia,

20    Priscilla, and Nicholas Ranta's lawsuit, and that he

21    wants you to agree to do the same.  That has nothing to

22    do with David Ranta.

23         MR. ZUCKERMAN:  Well, I think it does

24    because they're not keeping the records confidential by

25    giving it to David Ranta.

```
1              THE COURT:  They are not.

2              MR. ZUCKERMAN:  If they're giving it to

3   David Ranta --

4              MR. DEE:  They're his records.

5              THE COURT:  They are not.

6              MR. DEE:  They're his records.

7              THE COURT:  Mr. Dee as his authorized agent

8   is able to do that.  Whether the City likes it or not,

9   that's what David Ranta did.  He authorized not the

10  City but Mr. Dee to get those records.  That's what he

11  did.  I know the City wanted it to be that the City was

12  authorized by David Ranta.  That's not what happened.

13  David Ranta authorized Mr. Dee.  So Mr. Dee is

14  authorized to get those records and he's authorized to

15  give them to Mr. David Ranta, and the City will also

16  get a copy of those records.  But when you say you

17  don't want the City to be bound by any confidentiality,

18  what does that possibly mean, Mr. Zuckerman?

19             MR. ZUCKERMAN:  Well, all it means is --

20             THE COURT:  You don't want him to give you

21  the records because you're not going to agree to keep

22  them confidential, and Mr. Ranta is only authorizing

23  Mr. Dee to get those records for the purpose of

24  Patricia, Nicholas, and Priscilla's case?  So you want

25  him to get those records and use them but not give them
```

1  to the City?

2          MR. ZUCKERMAN:  No.  I'm saying that if

3  David Ranta is going to go on the internet or be

4  interviewed on t.v., whatever he decides to do, it's

5  standard in confidentiality agreements that we should

6  be able to respond if we choose.  I'm not saying we

7  would but if we choose.

8          THE COURT:  If you want to respond to what?

9          MR. ZUCKERMAN:  To whatever David Ranta does

10  with these documents.

11          THE COURT:  And what am I tell you you can't

12  respond to?

13          MR. ZUCKERMAN:  Well, if we're under a

14  confidentiality agreement, then we can't respond.

15          THE COURT:  Look, sir, these records were

16  unsealed and are being given to Mr. Dee.  They must be

17  given by -- the first production has to be by December

18  1st.  Have I made myself clear?  That will be in bright

19  prose in my order so that it's not a week from or two

20  weeks from, by December 1st, and that you should make

21  arrangements to get them to Mr. Dee, wherever Mr. Dee

22  is directing you to get them to him.  And as far as the

23  City wanting Mr. Ranta to keep them confidential, I

24  have no control over David Ranta.  He's not a party to

25  this action and he doesn't have to agree to keep these

documents confidential.  This law was put in place to

protect his records, not to protect the City.

So I do think it's in your interest, Mr.

Dee, and your interest, Mr. Zuckerman -- and, Mr. Ha, I

know you'll go along with however this goes -- to

negotiate some sort of mutual protective order because

I know that Patricia Ranta doesn't want her mental

health or doctors' records to be used for any purpose

other than this litigation.  And as long as Patricia,

Priscilla, and Nicholas can agree that they won't use

what is being released by David Ranta for any other

purpose, that does not tie Mr. Dee's hands.  Mr. Dee

was the authorized agent to get these.  I don't expect

that Mr. Dee will be posting them anywhere.  I imagine

he'll just give them to David Ranta and that will be

what he's been authorized to do.

MR. HA:  Judge, I just have one concern.

THE COURT:  This is Mr. Ha?

MR. HA:  Yes, Judge.  I just have one

concern.  The parties have been trying to negotiate a

stipulation protective order.  In addition to this

issue of the confidentiality of David Ranta's criminal

records, there are also other issues in dispute that's

sort of holding up the agreement.  The concern I have

is, if the agreement is being held up, that's going to

1    delay us getting the records.

2            THE COURT:  What are the other issues?  All

3    I keep getting are the same issues.  I keep getting the

4    same issues.  I know that there is a medical release

5    issue.  I think that that was already done, right?  Mr.

6    Dee provided releases for eight providers, so that's

7    done.  There's a confidentiality issue and I brought up

8    that we cannot hold David Ranta to confidentiality.

9    He's not a party to this case.  He has a right to his

10   own sealed records and that Mr. Dee may provide those

11   records to him because he was designated as David

12   Ranta's agent.

13           MR. HA:  There are other issues that --

14           THE COURT:  What is it that you're speaking

15   to, Mr. Ha?

16           MR. HA:  One other issue is the

17   confidentiality of police disciplinary records.  Mr.

18   Zuckerman had made a proposal, I think it was late last

19   week, to resolve this and maybe he can speak directly

20   to that, but we have not been able to resolve that.

21           THE COURT:  Mr. Zuckerman, there's nothing

22   in your papers about it.  Do you want to brief it for

23   me?

24           MR. ZUCKERMAN:  Yes, I'd like to brief the

25   confidentiality issues.

1          THE COURT:  Not of everything because I am

2    ordering you to produce those records that you were

3    supposed to produce within two weeks, as of your

4    November 10th letter, which is document 74.  Those will

5    be produced on December 1st.  If you want to brief

6    something for me about the disciplinary records, you

7    can do that by Friday, December 4th, and it better have

8    case law support for it, not just be, we don't want to

9    turn over these records.  And the way I understand it,

10   50(h) has now been changed by the state and so records

11   should be made available.

12          MR. HA:  Would it be possible, Judge, if

13   your Honor is directing the parties in this case, the

14   plaintiff and defendants, to keep David Ranta's

15   criminal records only for use in this case confidential

16   and only to be used in connection with this case, that

17   if we the understanding, then Mr. Dee, once he gets the

18   records from the D.A.'s office, can just go ahead and

19   provide us with copies while we wait to have the other

20   issues resolved.

21          THE COURT:  That's what I expect Mr. Dee to

22   do.  I'm telling the D.A. that they have to get them to

23   Mr. Dee by the 1st.  And if there are other issues

24   regarding records that you want the Court to address,

25   you should not raise it orally when you've give me

nothing to support any argument that there are other
issues here.  We had the medical record releases.
That's been done.  There's a disagreement about the
discovery schedule.  Defendants think it shouldn't
begin until there's a confidentiality stipulation.

I don't see that, Mr. Zuckerman, in the
rules anywhere.  So I think that you are dragging your
feet a bit, Mr. Zuckerman, and I'm not going to let
that happen.  I want you to move on this.  I want the
D.A. to turn over what was supposed to be turned over
within two weeks by December 1st.  Make sure you have
the right address for Mr. Dee.

As far as the medical releases and the
confidentiality, I believe that Priscilla, Nicholas,
and Patricia might be willing and should be willing,
because they want their own medical records to be kept
confidential -- but I'm not going to take this on the
fly, just you give me letters, you don't follow up with
the letters, meaning it was supposed to be done.  The
production on disks of the documents previously
produced to Ranta's attorney were supposed to be
produced within two weeks of the November 10th letter.
That would be today.  It isn't happening.  I'm giving
you until December 1st to do that.

I am directing you, Mr. Dee, to go back to

1  the table with Mr. Zuckerman and Mr. Ha because you're

2  going nowhere fast here.  I won't let them stonewall

3  you and I won't let them bully you into signing

4  something where you can't give these records to Mr.

5  Ranta because I don't think the law provides for that,

6  but you do need to protect your own clients' records

7  and you do need to speak to your clients because David

8  Ranta is not your client, about trying to get something

9  resolved here so you can move past this.

10         MR. DEE:  We will do so, your Honor.  I

11  think Mr. Ha's point -- I agree with that.  Once the

12  D.A. turns over the documents on December 1st, the

13  unsealed documents, I'll gladly share them with the

14  defendants right away, as long as they agree to hold

15  them in confidence until we agree or the Court orders

16  with respect to the confidentiality.

17         THE COURT:  But, again, your clients,

18  meaning Priscilla, Nicholas, and Patricia, have to be

19  part of this.

20         MR. DEE:  Yes, yes, that's agreed.

21         MR. ZUCKERMAN:  Your Honor --

22         THE COURT:  If there's going to be -- if

23  there's going to be a motion made, if you're going to

24  brief a motion, I want you serve it by next Friday, Mr.

25  Zuckerman.  All I've gotten are letters and the letters

1   cite not a single case.  So if you're trying to tell me

2   that I have a duty to do something in this case, I

3   would like you to give me some case law support from

4   the Second Circuit for what it is you're proposing.

5   And if you don't have that, then don't make -- don't

6   make the request.

7           MR. ZUCKERMAN:  Your Honor, there are a lot

8   of district court cases on that 50(a) issue.

9           THE COURT:  No, it's changed, sir, because

10  there's been new legislation.

11          MR. ZUCKERMAN:  And judges have ruled on it

12  and ruled that it doesn't change the fact that federal

13  law and the Federal Rules of Civil Procedure --

14          THE COURT:  That's good.  Then you'll be

15  able to provide me with case law support, but I'm not

16  doing this on the fly, when you bring up nothing about

17  it in your letters to the Court.  So if you want to

18  brief the issue, by next Friday.  And by next Tuesday,

19  you'll produce to Mr. Dee the documents that were

20  referred to in the November 11th letter.

21          Is there anything else today, Mr. Dee,

22  before we adjourn?

23          MR. DEE:  Not for plaintiffs, your Honor,

24  thank you.

25          THE COURT:  Again, Mr. Dee, you're playing

in a dangerous spot here because you don't represent
David Ranta.  I understand that you're the agent that
was made in the 160.50 designation but I am saying you
want to move along the case of Priscilla, Nicholas, and
Patricia, and these issues are not helping us move
along the case.

MR. DEE:  They are not but I cannot let the
City dictate to do whatever they want just because we
want to resolve this case, either.  So I appreciate
that but they have been informed every step of the way
of what's going on.

THE COURT:  Well, I'll appreciate you trying
to work out the issue regarding the disciplinary
records with Mr. Ha and with Mr. Zuckerman, and maybe I
won't have to decide the issue.  Maybe the parties
could agree, okay?

MR. DEE:  Understood, your Honor.

THE COURT:  Okay.  So it's a direct order of
the Court, Mr. Zuckerman, that the D.A. will produce
those records by the 1st, and you should find out where
Mr. Dee wants them to be sent, and they should not be
sent snail mail.  They should either be overnight mail
to him or delivered to him.  They're disks.

Anything else, Mr. Zuckerman, before we
adjourn?

```
 1              MR. ZUCKERMAN:  Yeah, I do have one

 2    question, your Honor.  Are you ruling that the City has

 3    to enter into a confidentiality provision as to the use

 4    of the Kings County D.A. documents given your Honor's

 5    order that Mr. Dee may turn them over to David Ranta?

 6              THE COURT:  That was a complete non

 7    sequitur.  I said that you must turn them over to Mr.

 8    Dee.  I didn't say that you must do anything else.

 9              MR. ZUCKERMAN:  Then could there at least be

10    an order to Mr. Dee to turn over the documents to us --

11              THE COURT:  He said he would.

12              MR. ZUCKERMAN:  -- so that we can use them?

13              THE COURT:  He said he would.

14              MR. ZUCKERMAN:  Okay, but I just want to be

15    clear that the City is not bound to enter into a

16    confidentiality provision as to these Kings County D.A.

17    documents in order to receive them.

18              THE COURT:  You know, again, I just

19    suggested that you speak to each other about working

20    this out for the plaintiff and the defendants in this

21    action, which would not bind David Ranta because he's

22    neither a plaintiff nor a defendant.  You keep wanting

23    to go back to reiterate.  I can't require the parties

24    to enter into this agreement.  I suggest that the

25    protective order will cover the disclosure of these
```

1  records, which will be obtained from the D.A.'s office,

2  and that both Priscilla, Nicholas, and Patricia Ranta

3  and the defendants, and the two named defendants, will

4  enter into some sort of confidentiality order.  But I

5  have not ordered you to sign something and I have not

6  ordered Mr. Dee to sign something.

7          MR. ZUCKERMAN:  Then, your Honor, I would

8  request that when Mr. Dee get those disks, that they be

9  immediately provided to defendants' counsel.

10          THE COURT:  Mr. Zuckerman, you haven't given

11  to him yet.  If he doesn't give them to you, I'm sure

12  you know where to write.  You're talking about he must

13  immediately do X and Y and you haven't done anything.

14  And you wrote to the Court on the 10th and said you

15  would produce those documents within two weeks.  It's

16  hubris for you to raise that to me now.  Try to work

17  this out with Mr. Dee.  He cannot sign away Mr. David

18  Ranta's rights.  He's getting these documents for the

19  purpose of his clients, Patricia, Nicholas, and

20  Priscilla.

21          Anything else, Mr. Zuckerman?

22          MR. ZUCKERMAN:  No, your Honor.

23          THE COURT:  Anything else, Mr. Ha?

24          MR. HA:  No, Judge, thank you.

25          THE COURT:  Then this matter is adjourned.

1    Happy holiday, everybody.

2              MR. HA:  Thank you, Judge.

3              THE COURT:  I'll put out an order.  Thank

4    you.

5                        *  *  *  *  *  *  *

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18     I certify that the foregoing is a correct

19 transcript from the electronic sound recording of the

20 proceedings in the above-entitled matter.

21

22

23

24

25 ELIZABETH BARRON                    December 10, 2020