UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PATRICIA RANTA, PRISCILLA RANTA and
NICHOLAS RANTA,

                               Plaintiffs,

          - against -

THE CITY OF NEW YORK, et. al.,

                               Defendants.

------------------------------------------------------------------------x

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

14 CV 3794 (FB)(LB)

        **WHEREAS,** the parties herein intend to produce certain documents and information that the parties deem to be confidential or otherwise inappropriate for disclosure; and

        **WHEREAS,** the parties seek to ensure that the confidentiality of these documents confidentiality remains protected; and

        **WHEREAS,** good cause exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for plaintiff and the attorneys for defendants, as follows:

        1.    As used herein, "Action" shall mean the lawsuit captioned above.

        2.    As used herein, without waiving any objections the parties might seek to propose regarding production of those documents, "Confidential Materials" shall mean: (a) New York City Police Department ("NYPD") personnel and disciplinary-related records, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies; (b) plaintiffs' medical and/or mental health and/or addiction treatment records;; and (c) other documents and

information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except to the extent that they relate to the incident(s) underlying the Complaint in the action, are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

3. As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein, for that document or information.

4. A Receiving Party and that party's attorneys shall not use the Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5. Neither party shall disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

> a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.
>
> b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at deposition or in preparation for testimony at a deposition or trial, or to the Court.
>
> c. Defendants' attorneys may also disclose the Confidential Materials to the New York City Police Department, the New York City Comptroller's Officer, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.
>
> d. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form

annexed hereto as <u>Exhibit A</u>, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The attorneys for a Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

e.     Disclosure of medical records deemed "Confidential" under this Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

6.     In order to designate documents or other material as "Confidential" within the meaning of this Stipulation, the Producing Party may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give the receiving party notice of the confidentiality designation, in a writing directed to the receiving party. The Producing Party may designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

7.     The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential", in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

8. If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

9. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein during any proceeding in this litigation or otherwise.

10. Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

11. Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

12. If, following the production of any Confidential Materials, such Confidential Material is clearly established to be publicly available, Defendants agree to de-designate that publicly available Confidential Material.

13. Notwithstanding the provisions of the Stipulation of Confidentiality and Protective Order, if either party makes public representations, the substance of which concerns or is contained in the Confidential Materials, the opposing party may move the Court, on an expedited basis, for relief.

14. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

15. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

Dated:   December 18, 2020
         New York, New York

[signatures on next page]

/s/ Peter C. Dee
Peter C. Dee, Esq.
23 Jones Street, Unit 11
New York, NY. 10014
T: (917) 734-7023
deepeterc@gmail.com
*Attorney for Plaintiffs*

/s/ Mark D. Zuckerman
Mark David Zuckerman
NYC Law Department
100 Church Street
New York, NY 10007
T: (212) 356-3519
mzuckerm@law.nyc.gov
*Attorneys for Defendants City of New York and Stephen Chmil*

/s/ Richard E. Signorelli
Richard Ernest Signorelli
Law Office of Richard E. Signorelli
52 Duane Street
7th floor
New York, NY 10007
T: (212)254-4218
richardsignorelli@gmail.com
*Attorneys for Defendant Louis Scarcella*

SO ORDERED:

/S/ Magistrate Judge Lois Bloom

HON. LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE

Dated:   December 21, 2020
           Brooklyn, New York

Case 1:14-cv-03794-FB-LB   Document 85   Filed 12/21/20   Page 7 of 7 PageID #: 955

EXHIBIT A

The undersigned hereby acknowledges that he has read the Confidentiality Stipulation and Order entered in the United States District Court for the Eastern District of New York dated _____, _____ in the action entitled, <u>Patricia Ranta, et. al. v. City of New York, et al.</u>, No. 14 CV 3794 (FB)(LB) (EDNY), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.