

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

April 15, 2021

**VIA ECF**
The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  <u>Patricia Ranta, et. al. v. City of New York, et. al.</u>, 14 Civ. 3794 (FB)(LB)

Your Honor:

I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, representing defendants City of New York and Stephen Chmil in the above referenced matter.  Defendants hereby respectfully move to compel discovery as set forth herein.

Plaintiffs claim in their Amended Complaint (Docket 42) that they were damaged as a result of the alleged unlawful conviction of David Ranta for the 1990 murder of Rabbi Chaskel Weinberger.  Plaintiff Patricia Ranta is the ex-wife of David Ranta.  They were separated at the time that David Ranta was arrested in 1990.  Plaintiffs Nicholas and Priscilla Ranta are the children of David and Patricia Ranta.  Plaintiffs contend that virtually everything in their lives that has gone wrong was caused by David Ranta's allegedly wrongful conviction, i.e., economic losses, emotional distress, substance abuse issues, performance in school, etc.

One of the claims that remain in the case is Patricia Ranta's claim for loss of consortium.  A loss of consortium claim "represents the interest of an injured party's spouse in the continuance of a healthy and happy marital life…."  <u>Millington v. Southeastern Elevator Co.</u>, 22 N.Y.2d 498, 505 (1968).  "The 'consortium' interest to be protected…is real injury done to the marital relationship."  <u>Id.</u>, at 504.  In allowing this claim to proceed despite David and Patricia's separation, Judge Block ruled upon defendants' motion to dismiss that, "[a] properly instructed jury will understand that 'once a marriage terminates, whether legally or in fact, and

there is no reasonable likelihood of reconciliation, the very elements upon which a loss of consortium claim is predicated are no longer present.'" Ranta v. City of New York, et. al., 481 F. Supp.3d 115, 121 (E.D.N.Y. 2020) (internal quotation omitted). "A jury might conclude that the Rantas' marriage was, in fact, over at the time of David's arrest, or it might conclude that there was a possibility of reconciliation until the detectives' conduct intervened. The Court cannot answer that question on a motion to dismiss." Id.

Thus, one of the critical issues remaining in the case, given the separation, is the nature of their relationship and the reason for its demise. Defendants believe that it is critical to their defense to be able to take electronic discovery of, i.e., Patricia's emails with David Ranta following his release from prison, and/or emails that Patricia may have sent to others regarding David Ranta. Defendants should be allowed to test Patricia Ranta's claim and narrative that there was a reasonable likelihood of reconciliation when she was indisputably separated from David at the time of David Ranta's arrest and that the reason for the demise of the relationship was David's arrest. Document Request Nos. 22 and 23 request electronic discovery that may shed light on what the nature of Patricia Ranta's relationship truly was with David Ranta, as well as the reasons for its demise, and thus request relevant information.

As to the claims of Patricia, Nicholas and Priscilla Ranta for NIED, they blame virtually everything that has gone wrong in their lives on David Ranta's arrest/conviction, i.e., economic losses, emotional distress, substance abuse issues, performance in school, etc. But defendants credibly believe that even before his arrest, David Ranta played little role in their lives, and was heavily into narcotics and other criminal activity. Defendants should be allowed to test the contentions of plaintiffs that the entireties of their lives were ruined by David Ranta's arrest/conviction, and inquire into exactly what the nature of their relationships with David Ranta was, and other factors that affected it. Document Request Nos. 22 and 23 request relevant electronic discovery that may shed light on what the nature of these relationships truly are/were, and clearly request relevant information. Defendants should not have to accept plaintiffs' narratives that everything in their lives that went wrong were the result of David Ranta's arrest, when i.e., there may be aspects of their relationships or alleged injuries that were affected by issues unrelated to the arrest.

In response to Document Request nos. 22 and 23 seeking electronic discovery, plaintiffs merely contend that the requests are "unduly burdensome," "overbroad" and "irrelevant." For example, in Patricia Ranta's responses to Document Requests, she responded:

Document Request No. 22

Produce all emails and text messages by and between Patricia Ranta and David Ranta from the date of his release from prison as set forth in plaintiffs' complaint.

Response:

Plaintiff objects as the request is unduly burdensome and oppressive, overbroad, intended to annoy, embarrass or harass, and/or seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

Document Request No. 23

Produce all emails and text messages by and between Patricia Ranta and any person in any way concerning David Ranta from the date of David Ranta's subject arrest through the present.

Response:

Plaintiff objects as the request is unduly burdensome and oppressive, overbroad, intended to annoy, embarrass or harass, and/or seeks information irrelevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the Request insofar as it seeks production of communications or materials subject to attorney-client, work product or other privilege, protection or immunity under any applicable rule or law.

Plaintiffs' responses to Nos. 22 and 23 to defendants' discovery requests (served approximately four months after the original requests) violate Rule 34, Fed. R. Civ. P., as plaintiffs' responses are improperly boilerplate and do not state with specificity the grounds for objecting or whether any documents are being withheld on the basis of plaintiffs' objections. See Fischer v. Forrest, 14 CV 1304 (PAE)(AJP), 2017 U.S. Dist. LEXIS 28102 (S.D.N.Y. Feb. 28, 2017) (M.J. Peck) ("[The discovery response] is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing.") "[C]ourts have [also] held that an objection that does not appropriately explain its grounds is forfeited." Legelege v. Manaroni, LLC, 19 CV 1561 (PGG)(KHP), 2020 U.S. Dist. LEXIS 36748 (S.D.N.Y. Mar. 2, 2020) (M.J. Parker). Additionally, where responses to requests for production of documents do not specify whether there are documents being withheld, or the responses are in violation of Rule 34 otherwise, there is also a waiver of objections to production. Fischer, supra, at *9. Finally, plaintiffs overbreadth objection is improper because though "an objection may state that a request is overboard,…if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad." Fischer, at *3 (quoting 2015 Advisory Notes to Rule 34, Fed. R. Civ. P.) Plaintiffs' objections have thus been waived.

Even if the Court declines to deem plaintiffs' objections waived, plaintiffs have not made any showing of undue burden, and the documents sought are clearly relevant for the reasons set forth above. As such, plaintiffs should be compelled to proceed with reasonable searches for the relevant electronic discovery that defendants have requested.

In addition to the foregoing ESI issue, defendants wish to raise three additional issues. First, plaintiffs have identified numerous witnesses for whom they have not identified the subject matters of their information in violation of Rule 26(a)(1)(A)(i), Fed. R. Civ. P. Second, plaintiffs have not bates stamped or cross-referenced in their supplemental discovery responses the hundreds of documents they recently "dumped" on defendants in violation of their discovery obligations. Excellent Home Care Services v. Fga, Inc., 13 CV 5390 (ILG)(CLP), 2017 U.S. Dist. LEXIS 228951, at *19-20 (E.D.N.Y. June 5, 2019). Third, instead of producing documents in pdf format, plaintiffs have photographed the documents produced, and which are illegible. Defendants respectfully request that plaintiffs be ordered to correct these deficiencies as well.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman
Senior Counsel

cc:    All Counsel (via ECF)