PETER C. DEE, ESQ.
23 Jones Street, Unit 11
New York, NY 10014
(917) 734-7023
deepeterc@gmail.com

April 23, 2021

**Via ECF**
The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY. 11201

   Re: <u>Patricia Ranta, et. al. v. City of New York, et. al.</u>, 14 Civ. 3794 (FB)(LB)

Your Honor:

  I represent plaintiffs Patricia, Nicholas and Priscilla Ranta in the referenced matter. Plaintiffs hereby oppose defendants' motion to compel discovery.

  As quoted in defendants' letter motion, Judge Block framed the crux of Patricia Ranta's loss of consortium claim as whether Patricia and David's marriage was "in fact"[1] terminated in 1990, when David Ranta was arrested, such that "there [was] no reasonable likelihood of reconciliation" at the time of David Ranta's arrest.

  Defendant's request number 23 for discovery of Patricia Ranta's text messages and emails with anybody about David Ranta sent any time after his arrest in 1990, because it might shed light on the "nature of their relationship" before then, is facially overly broad, burdensome, harassing, not relevant and proportional, and otherwise privileged. The privileged information includes attorney client communications and work product (including communications between plaintiffs protected by the common interest doctrine). The Court should deny defendants' motion to compel production of all text and emails with anyone, including with her children, about David Ranta, because it might shed light on the nature of their relationship at the time of his arrest 31 years ago.

  With respect to document request number 22 to Patricia Ranta, she did produce responsive materials, including voice messages from David Ranta, and text messages with him since his release.

---

[1] The marriage was not legally terminated until many years after David Ranta's arrest and incarceration, *on the grounds of his extended incarceration.*

  The same requests numbered 22 and 23 were made to plaintiffs Nicholas and Priscilla Ranta, who maintain the same objections as Patricia. Defendants argue that they must see any text message or emails Nicholas and Priscilla Ranta have between them and their father, without limitation, or in any way having to do with their father, because it might shed light on his role as their father before his arrest in 1990 is also facially overly broad, burdensome, harassing, not relevant and proportional, and otherwise privileged.

  Priscilla Ranta, who maintained a relationship with her father while he was imprisoned, has produced an extensive collection of letters, cards, and other communications from David Ranta during his imprisonment, as well as family photographs, which provide a detailed insight into the nature of their relationship and David Ranta as a father.

  Finally, plaintiffs have already testified extensively during pre-suit 50-h examinations by the City regarding the nature of their relationship with David Ranta before the time of his arrest.

  Plaintiffs did have difficulty in timely responding the document requests which cover every aspect of their lives for over thirty years. They have laid their entire lives before defendants in authorizing all matter of medical, employment, and school records, including psychotherapy notes, to allow defendants to probe their lives. Any remaining questions are suitable for depositions. Plaintiffs have provided the names and last known contact details for tens of witnesses, family friends, counselors, family members, and doctors, who have been close to their lives, including in 1990 and before.

  As defendants have for the first time stated their rationale for documents requests numbered 22 and 23 as pertaining to the nature of plaintiffs' relationships with David Ranta before his arrest in 1990, plaintiffs are prepared to agree to search for and produce all non-privileged text messages and emails with anybody, including David Ranta, that refer to or reference their father or family life and concerning the period prior to David Ranta's arrest in 1990. *See* FRCP26(b)(1).

  Finally, plaintiffs will amend their initial disclosures to identify the subjects of their named witnesses' information, and have already agreed to cross-reference and bates stamp their production.

            Respectfully submitted,

            /s/ Peter Dee
            Peter Dee, Esq.

cc: All Counsel (via ECF)