PETER C. DEE, ESQ.
23 Jones Street, Unit 11
New York, NY 10014
(917) 734-7023
deepeterc@gmail.com

December 17, 2021

**Via ECF**
The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Patricia Ranta, et. al. v. City of New York, et. al., 14 Civ. 3794 (FB)(LB)
     Opposition to Motions to Quash and for Protective Order

Dear Judge Bloom:

  I represent plaintiffs Patricia, Nicholas and Priscilla Ranta in the referenced matter. Plaintiffs write in opposition to the Defendants City of New York and Stephen Chmil's request for a protective order regarding the proposed deposition of Kings County Assistant District Attorney ("ADA") Eric Sonnenschein, and the Kings County District Attorney's Office's ("KCDA") motion to quash the subpoena served on ADA Sonnenschein.

  In the publicly facing words of the KCDA: "For us to build community trust, especially now, when so many people in this country are expressing anger and despair with the system, we must reckon with and be transparent about the mistakes of the past."[1]

  David Ranta was the first exoneree linked to the KCDA's review of cases involving Defendants Scarcella or Chmil. To date, ***fifteen*** exonerations have been linked to Defendants' malicious detective work (the "Exonerees"), behind which hundreds of years have been lost by exonerees and their families, including plaintiffs. This has resulted in the city and state paying tens of millions of dollars to settle claims against them. Taken together, the cases show a pattern and propensity of conduct by defendants Scarcella and Chmil, which if properly trained and supervised, should have been prevented or remedied in a timely manner. Plaintiffs' claims only commenced to run upon David Ranta's release from prison, as the law recognizes that the torts implicated here were continuing until his release in 2013. *See* Breton v. City of New York, 404 F. Supp. 3d 799, 809 (S.D.N.Y. 2019); Stubbolo v. The City of New York, No. 0115474/2006, 2008 WL 1926696, at *3 (N.Y. Sup. Ct. Apr. 23, 2008).

  The torts include plaintiffs' claims of negligent infliction of emotion distress, negligent supervision, hiring, retention, training and discipline, and plaintiff Patricia Ranta's claim for loss

---

[1] http://www.brooklynda.org/2020/07/09/brooklyn-district-attorney-publishes-report-that-analyzes-and-presents-the-findings-of-his-conviction-review-unit/

of consortium. The loss of consortium claim is derivative of David Ranta's claims, which include the additional claims of false imprisonment; malicious prosecution; intentional infliction of emotional distress; abuse of process; negligence, carelessness and recklessness; and violation of David Ranta's constitutional rights under the Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983, and Art. I, Sec. 6 and Sec. 12 of the New York State Constitution. David Ranta also sought damages from the City of New York for such claims under the principle of respondeat superior. See Exhibit A.

The KCDA is the only official entity that has conducted a meaningful review of Scarcella and Chmil cases. Plaintiffs deposed former ADA John O'Mara on October 29, 2021, who for the first time identified former ADA Jessica Wilson as having had worked on reviewing Scarcella cases for the KCDA. I was able to make contact with Ms. Wilson in late November and she identified ADA Eric Sonnenschein as the person within the KCDA with the most knowledge regarding the conduct of detective Scarcella as it pertains to the Exonerees. I promptly proceeded to serve ADA Sonnenschein with the subject subpoena.

Rule 26(b)(1) provides that Plaintiffs "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id.; see also, Walls v. City of New York, 502 F. Supp. 3d 686, 691 (E.D.N.Y. 2020).

Relevance

The KCDA's investigation of Scarcella and Chmil is relevant here as possible evidence of the City Defendant's notice of misconduct by these officer defendants that would have required the City Defendant to meaningfully act to address the risk of the continuing misconduct it presented. See, e.g., Outlaw v. City of Hartford, 884 F.3d 351, 380 (2d Cir. 2018); Vann v. City of New York, 72 F.2d 1040, 1049-50 (2d Cir. 1995). The information may also go to the opportunity, motive, intent, or preparation that defendants had to engage in the wrongful conduct which led to plaintiffs' loss, or that it was not a mistake. See Fed. R. Evid. 404 (b)(2) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" except "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."); see also, Walls at 692-93 (E.D.N.Y. Nov. 24, 2020) (and cases cited therein); Crosby v. City of New York, 269 F.R.D. 267, 275 (S.D.N.Y. 2010) (finding that, in context of a federal civil rights claim, information and document sought pursuant to subpoena regarding similar acts of misconduct in other cases, as well as the Official Corruption Unit's investigation, were relevant to support a showing of a municipal policy or practice of such misconduct in subject case).

Moreover, with respect to KCDA's argument at footnote 3 of its motion that Scarcella and Chmil were acting within the scope of their employment does not warrant quashing the subpoena, as New York courts have held that a negligent supervision/retention "claim is permitted when punitive damages are sought based upon facts evincing gross negligence or recklessness in the hiring or retention of the employee." 14 N.Y.Prac., New York Law of Torts, Sec. 9:29 (citing Quiroz v. Zottola, 96 A.D.3d 1035 (2d Dep't 2012); Rivera v. Bhuiyan, 149 A.D.3d 493 (1st Dep't 2017)). In any event, "fabricating and forwarding misleading evidence to prosecutors falls outside of the scope of an officer's employment" for purposes of determining whether a claim for negligent supervision, retention, etc. may proceed. Breton v. City of New York, 404 F. Supp. 3d 799, 810 (S.D.N.Y. 2019).

Proportionality

Scarcella and Chmil's propensity for the conduct which led to the wrongful arrest, prosecution and continuing wrongful incarceration of David Ranta is an element of the negligent hiring / supervision claim. Information relating to the other fifteen Exonerees which show Scarcella and Chmil's propensity to inter alia, coerce witnesses, failure to document their conduct, fabricate evidence, and otherwise abuse their power and authority is both relevant and proportional here. The KCDA providing such information is not burdensome because the KCDA has already performed most of this work already in their investigations with respect to Scarcella and the Exonerees.

Law Enforcement Privilege

Defendants and the KCDA assert law enforcement privilege yet do not assert that any specific issue as to confidentiality of sources, or the need to protect witnesses or law enforcement personnel from harm based on the disclosure of the information sought. Nor do Defendants or the KCDA assert that any specific law enforcement investigative techniques or procedures would be impaired by the appearance of Mr. Sonnenschein, or by Plaintiffs' questioning of Mr. Sonnernschein regarding his knowledge of the conduct Scarcella and Chmil in their investigations of other cases in which they were involved where the subjects of their investigations were indicted, arrested, convicted, and exonerated.

Indeed, as the City's motion states, the police officers in question are former detectives Scarcella and Chmil who retired decades ago and the cases in question are those in which retired detectives Scarcella and Chmil were involved and which have been reviewed or are under review by the CIU but are decades old. See, Adams v. City of New York, 993 F. Supp. 2d 306, 312–14 (E.D.N.Y. 2014) (holding that law enforcement privilege did not apply to shield a civil trial witness even where the witness was an undercover officer, with only vague and conclusory statements without specific or particularized facts as to how disclosure will undermine law enforcement efforts, reveal law enforcement techniques or describe how such testimony would impair the effectiveness of investigative techniques and procedures.)

The City and KCDA's motions should be denied. We thank the Court for its courtesy and consideration.

                                          Respectfully submitted,
                                          /s/ Peter Dee, Esq.

cc:      All Counsel (via ECF)