

**GEORGIA M. PESTANA**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

January 20, 2022

**VIA ECF**
The Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:  <u>Patricia Ranta, et. al. v. City of New York, et. al.</u>, 14 Civ. 3794 (FB)(LB)

Your Honor:

        I am a Senior Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, representing defendants City of New York and Stephen Chmil in the above referenced matter. Defendants write to respectfully request a protective order from plaintiffs' proposed deposition of the Kings County District Attorney's Office ("KCDA") pursuant to Rule 30(b)(6), Fed. R. Civ. P., (Exhibit A) which was purportedly served on January 6, 2022, **just one day after this Court's ruling granting the KCDA's motion to quash the deposition subpoena directed at KCDA ADA Eric Sonnenschein**. On January 12, 2022, the parties and representatives of the Kings County District Attorney's Office conducted a telephonic "meet and confer," but were unable to resolve the dispute.

        The instant motion for protective order should be granted for a number of reasons. In quashing the deposition subpoena directed at Eric Sonnenschein at Docket 98 herein, much of the Court's reasoning in reaching its' decision on that motion is directly applicable to the instant dispute as well. Initially, the burden of the requested deposition clearly outweighs any benefit of it. Further, plaintiffs have already taken the depositions of former KCDA Conviction Integrity Review Unit Chief, John O'Mara, and former KCDA ADA Taylor Koss, who both participated in the review of the David Ranta case, and which resulted in his murder conviction being vacated. Mr. Koss provided information about certain other cases involving the defendant Scarcella. As the Court also noted during the court conference, plaintiffs are also taking the deposition of the David Ranta trial prosecutor Barry Schreiber. Since the last court conference,

plaintiffs have also subpoenaed the detective investigator assigned by the KCDA to the David Ranta conviction review, Patrick Lanigan. Finally, all of the other KCDA investigations involving the defendant Louis Scarcella occurred after the KCDA David Ranta review and his release from prison. (See Docket 98) Each of these reasons that was the basis of the Eric Sonnenchein subpoena being quashed are equally applicable here. Plaintiffs are improperly seeking another "bite at the apple" that they have already lost.

Plaintiffs' Rule 30(b)(6) deposition notice also does not comport with the Rule. In accordance with Fed. R. Civ. P. 30(b)(6), "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with <u>reasonable particularity</u> the matters for examination." (emphasis added) "The purpose of this rule is to avoid the difficulties encountered by both sides when the party to be examined is unable to determine who within the [organization] would be best able to provide the information sought." <u>Innomed Labs, LLC v. Alza Corp.</u>, 211 F.R.D. 237, 240 (S.D.N.Y. 2002).

Here, plaintiffs' Rule 30(b)(6) deposition subpoena does not describe the matters for examination with "reasonable particularity." Simply, stating that they wish to take a deposition on the subject matter of "former NYPD detectives Louis Scarcella and Stephen Chmil" does not meet the "reasonable particularity" requirements of Rule 30(b)(6) as the deposition notice would allow plaintiffs to ask any witness designated <u>anything</u> about the defendants Chmil or Scarcella. This is improper.

Next, the subject matter of the requested deposition is irrelevant to the claims left in the case. The claims that remain in the case are for state law negligent infliction of emotional distress ("NIED"), negligent hiring, training, supervision and discipline, and loss of consortium only. (Patricia only) <u>Ranta v. City of New York</u>, 481 F. Supp.3d 115 (E.D.N.Y. 2020) There are no federal claims remaining in this case, and there is no remaining <u>Monell</u> claim.

As to their negligent infliction of emotional distress claim ("NIED"), plaintiffs are proceeding under a "special circumstances" NIED theory, unprecedented under these facts, pursuant to which plaintiffs would have to prove a "breach of a duty of care resulting directly in emotional harm…even though no physical injury occurred and [that] the mental injury is a direct, rather than a consequential, result of the breach and [that] the claim possesses some guarantee of genuineness." <u>Ornstein v. New York City Health and Hospitals Corp.</u>, 10 N.Y. 1, 6 (2008) (internal citations omitted); see <u>Ranta</u>, <u>supra</u>, at 118-120.

As to their negligent hiring, retention, supervision and discipline claim, plaintiffs must show, in addition to the standard elements of negligence: "(1) that the tort-feasor and the defendant[s] were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and, (3) that the tort was committed on the employer's premises or with the employer's chattels." <u>Ehrens v. Lutheran Church</u>, 385 F.3d 232, 235 (2d Cir. 2004).

As to Patricia Ranta's loss of consortium claim, her derivative claim is to the extent that it "represents the interest of an injured party's spouse in the continuance of a healthy and happy marital life…." <u>Millington v. Southeastern Elevator Co.</u>, 22 N.Y.2d 498, 505 (1968). "The concept of consortium includes not only loss of support or services, it also embraces such

2

elements as love, companionship, affection, society, sexual relations, solace and more." Id., at 503 (internal citations omitted)

David Ranta's murder conviction was vacated in 2013 as a result of a review by the Kings County DA's Office Conviction Integrity Review Unit. The Kings County DA and NYPD have produced over 30,000 of pages of documents herein pertaining to the David Ranta case. Additionally, the two Kings County ADAs principally involved in the David Ranta conviction integrity review process either have already been deposed (John O'Mara) or will be deposed. (Taylor Koss) Additionally, defendants took the deposition of David Ranta. The depositions of Schreiber and Lanigan are imminent. The David Ranta murder investigation has already been the subject of exhaustive discovery in this matter.

"Information is relevant if: a) it has any tendency to make a fact more or less probable than it would be without the evidence; and b) the fact is of consequence in determining the action." Vaigasi v. Solow Mgmt. Corp., 11 Civ. 5088 (RMB)(HBP), 2016 U.S. Dist. LEXIS 18460, at *35 (S.D.N.Y. Feb. 16, 2016). Even if the Court determines that evidence is relevant, it "must also be "proportional to the needs of the case,...." North Shore-Long Island Jewish Hospital v. Multiplan, Inc., 325 F.R.D. 36, 49 (E.D.N.Y. 2018). "Proportionality focuses on the marginal utility of the discovery sought." Vaigasi, at *43. "[A] subpoena seeking testimony 'with little apparent or likely relevance to the subject matter' may be quashed even if the burden on the deponent is not 'onerous.'" Lynch v. City of New York, 16 Civ. 7355 (LAP), 2021 U.S. Dist. LEXIS 192425, at *4 (S.D.N.Y. Oct. 5, 2021).

Plaintiff's proposed Rule 30(b)(6) deposition is irrelevant to the remaining claims in the case. Other investigations by the Kings County DA's Conviction Review Unit of the defendants Scarcella and Chmil have no bearing on plaintiff's state law claims for loss of consortium, negligent infliction of emotional distress or negligent hiring, training, supervision or discipline. In fact, the reviews by the Kings County DA's Office occurred decades after the individual defendants Scarcella and Chmil retired from NYPD, thus such reviews could not bear on whether there was any negligence by the City as to any of plaintiffs' claims.

Even if the Court finds some relevance to the Rule 30(b)(6) deposition testimony, which it should not, the Court should grant defendants' motion for a protective order on the basis of lack of proportionality and lack of timeliness. Fact discovery is set to close on February 15, 2022. The proposed date for the Rule 30(b)(6) deposition is February 14, 2022, just one day before facts discovery closes. (which the Court has stated will not be extended again) So, merely one day before the close of fact discovery, Mr. Dee proposes to start taking depositions on other cases involving Dets. Scarcella and Chmil. If allowed to do so, such a tactic would cause the need for additional discovery, all to defendants' prejudice, given the timing of it, as defendants will have no opportunity to conduct such discovery before the close of fact discovery. Moreover, Mr. Dee would now have this case turn into "mini-trials" on all other cases which the Kings County DA has investigated regarding the defendants Scarcella or Chmil. This is exactly the reason that the proportionality requirement is in Rule 26(b)(1), Fed. R. Civ. P., and defendants respectfully submit that the Court should issue a protective order to prevent Mr. Dee's proposed course in this case.

Thank you for your consideration herein.

3

                                                                         Respectfully submitted,

                                                                         /s/ Mark D. Zuckerman
                                                                         Mark D. Zuckerman
                                                                         Senior Counsel

cc:      All Counsel (via ECF)