

**DISTRICT ATTORNEY**
**KINGS COUNTY**
350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718) 250-2000
WWW.BROOKLYNDA.ORG

**Eric Gonzalez**
District Attorney

**John C. Carroll**
Assistant District Attorney
718-250-5243
CarrollJ@BrooklynDA.org

January 20, 2022

**VIA ECF ELECTRONIC FILING**
Hon. Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>   Re:   Patricia Ranta, et al. v. City of New York et al.,
>   E.D.N.Y. – 14-CV-3794
>   **MOTION TO QUASH OR MODIFY SUBPOENA**

Dear Judge Bloom:

I am an Assistant District Attorney ("ADA") in the Kings County District Attorney's Office ("KCDA"), which has been served, yet again, by Plaintiffs with a subpoena to provide deposition testimony, this time pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCP") (see plaintiffs' subpoena attached hereto as Exhibit A).[1] This latest subpoena was served on the KCDA on Jan. 6, 2022, just one day after this Court quashed Plaintiffs' subpoena for the deposition testimony of ADA Eric Sonnenschein. On Jan. 12, 2022, the KCDA conducted a telephonic "meet and confer" about Plaintiffs' subpoena, but we were unable to resolve the dispute. For the foregoing reasons, Plaintiff's Rule 30(b)(6) subpoena should be quashed.

### I. Plaintiffs' Rule 30(b)(6) subpoena should be quashed because they have effectively re-served their prior, quashed, subpoena.

Less than 24 hours after this Court issued its January 5th Order quashing Plaintiffs' nonparty subpoena served on the KCDA, Plaintiffs served a duplicative nonparty subpoena upon the KCDA the next day. The information sought in the second deposition subpoena contains identical language to the subpoena that the Court quashed merely a day prior.[2] The fact that the duplicative subpoena is cast as one under FRCP 30(b)(6) does not cure the deficiencies raised in the Court's January 5th Order.

In issuing its Order, this Court considered issues related to proportionality under Rule 26, undue burden under Rule 45, and the fact that the deposition sought was unreasonably cumulative,

---

[1] Plaintiffs also served a subpoena seeking the deposition testimony of KCDA Detective Investigator Patrick Lanigan. The KCDA has no objection to this subpoena as Detective Lanigan worked on the reinvestigation into the conviction of David Ranta.

[2] Both the subpoena that was quashed on January 5th, and the subpoena that was served on the KCDA on January 6th seek testimony regarding, "former NYPD detectives Louis Scarcella and Stephen Chmil, including NYPD/KCDA investigation, arrest, prosecution, incarceration and KCDA/CIU review and exoneration of David Ranta for murder of Chaskel Werzberger."

duplicative, or could be obtained from some other source that is more targeted, less burdensome, and less expensive. To that end, these issues have been decided, and the law of the case doctrine should bar reconsideration. See, e.g., Manolis v. Brecher, 634 F. App'x 337, 338 (2d Cir. 2016) ("the law of the case doctrine forecloses reconsideration of issues that were decided—or that could have been decided—during prior proceedings in the same case."). Furthermore, since there has been no change, in fact or law, that is sufficient to allow Plaintiffs to make an end run around this Court's carefully considered January 5th Order, Plaintiff's new subpoena pursuant to FRCP 30(b)(6) should also be quashed.[3]

## II. Plaintiffs' duplicative subpoena is defective on its face.

It is well settled that a facially defective subpoena may be quashed. See Angelo, Gordon & Co., L.P., v. MTE Holdings, LLC, 2020 WL 4700910, *2 (S.D.N.Y. August 13, 2020). In this case, the Plaintiffs' subpoena is defective on its face for three reasons. First, it does not "describe with reasonable particularity the matters for examination." FRCP 30(b)(6). Second, a Rule 30(b)(6) "subpoena must advise a nonparty organization of its duty to confer with the serving party". Id. Third, a Rule 30(b)(6) subpoena must advise the recipient to "designate each person who will testify." Id. Plaintiffs' Rule 30(b)(6) subpoena fails in all of these respects.

The reasonable particularity standard "requires the topics listed [in the subpoena] to be specific as to the subject area and to have discernable boundaries." Winfield v. City of New York, 2018 WL 840085, *5 (S.D.N.Y. Feb. 12, 2018); see also Innomed Labs, LLC v. Alza Corp., 211 F.R.D. 237, 240 (S.D.N.Y. 2002) (denying plaintiff leave to depose 30(b)(6) witness because plaintiff's subpoena was "insufficiently particularized" in "contradiction to the 'reasonable particularity' required by Rule 30(b)(6)"). Indeed, "[a]n overly broad FED. R. CIV. P. 30(b)(6) 'notice subjects the noticed party to an impossible task,' because, where it is not possible to 'identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.'" Eng-Hatcher v. Sprint Nextel Corp., Docket No. 07 Civ. 7350 (BSJ)(KNF), 2008 U.S. Dist. LEXIS 67052, at *13 (S.D.N.Y. Aug. 28, 2008). As such, "it is disfavored to frame notices of deposition topics in an open-ended manner. . . ." Seliger v. Breitbart News Network, LLC, 2021 WL 707063, *1 (S.D.N.Y. Feb. 22, 2021). "This means that the topics should not be listed as 'including but not limited to;' rather, they must be explicitly stated" and should be substantively and temporally relevant to the claims and defenses." Winfield, 2018 WL 840085 at *5.

Here, Plaintiffs set forth the scope of this nonparty deposition through a single vague, overbroad and compound description. Indeed, the plain language of Plaintiffs' subpoena would allow their counsel to question the KCDA witness about any matters involving Detective Scarcella and Chmil, including potentially every criminal case they ever worked on that the KCDA reinvestigated. This is clearly far too broad a topic to meet the reasonable particularity requirement of Rule 30(b)(6). See Innomed Labs, LLC, 211 F.R.D. at 240. The description in Plaintiffs' subpoena also uses the term "including" to broaden the potential areas of inquiry, unfairly failing to provide specific notice to the KCDA as to what information is sought. Id. (the use of the language "including but not limited to" by itself turns the notice "into an overbroad notice, in contradiction to the 'reasonable particularity' required by Rule 30(b)(6)."). Finally, the designated area of inquiry is in no way limited in temporal scope. For these reasons, no matter how

---

[3] In support of this motion, the KCDA adopts all of the arguments in the KCDA's earlier letter motion to quash the Sonnenschein subpoena, dated December 9, 2021.

indulgently or generously the Court reads into Plaintiffs' subpoena, it cannot be said to comply with the requirement of "reasonable particularity" under Rule 30(b)(6).

With respect to the remaining notice requirements set forth under Rule 30(b)(6), "[a] subpoena must [both] advise a nonparty organization of its duty to confer with the serving party and [its responsibility] to designate each person who will testify." FRCP 30(b)(6).  Neither of these notice requirements are set forth in Plaintiffs' subpoena.

**III.     Finally, the KCDA would not even be in a position to adequately prep a witness for a Rule 30(b)(6) deposition because, to the extent Plaintiffs seek testimony on sealed cases, these matters are not "reasonably available to the organization."**

Even assuming the Court reverses its prior ruling, and overlooks the deficiencies in Plaintiffs' subpoena, the KCDA is not in a position to adequately prep a witness for a Rule 30(b)(6) deposition because all of the Scarcella and Chmil cases, where convictions have been vacated, are sealed.  And, as a matter of law, sealed records are not "reasonably available to the organization." FRCP 30(b)(6).  Indeed, under Rule 30(b)(6), a corporate designee only has an obligation to testify about information reasonably available to the organization.  But, as a matter of New York law, sealed cases are not available to the KCDA at all, let alone "reasonably available." See NY C.P.L. § 160.50[4]; see also New York Times v. District Attorney Kings County, 179 A.D.3d 115, 122 (App. Div. 2d Dep't 2019) (holding that KCDA's CRU reports are sealed when a conviction is vacated under NY C.P.L. § 160.50); and R.C. v. City of New York, 64 Misc.3d 368, 373 (Sup. Ct., New York Co. 2019) (rejecting argument that a law enforcement agency may access the sealed records it maintains for investigatory or other purposes, without prior court order).

It is noted that there is also no single attorney at the KCDA that worked on all of the Scarcella and Chmil cases; that work was handled by numerous attorneys, some of whom no longer work at the KCDA. Thus, there is no single attorney at the KCDA who would have independent knowledge of the facts of all the Scarcella and Chmil cases that were reinvestigated by the KCDA. Even if there was such a person, it would be inappropriate to have them testify (and potentially bind the KCDA with that testimony) completely from memory, with no opportunity to review any of the files.  Finally, any request by Plaintiffs to unseal all of the Scarcella and Chmil cases in this late stage of discovery would be inappropriate because, even if those cases were unsealed, it would take the KCDA months to adequately prepare a witness to testify about them at a Rule 30(b)(6) deposition.

Accordingly, plaintiffs' subpoena pursuant to FRCP 30(b)(6) should be quashed.

Respectfully submitted,

/s/ *John C. Carroll*
ADA John C. Carroll (JC7511)
Deputy Bureau Chief
Civil Litigation Bureau

cc:     All Counsel (via ECF)

---

[4] C.P.L. § 160.50(1) provides that, "[u]pon the termination of a criminal action or proceeding against a person . . . the record of such action or proceeding shall be sealed."  Moreover, sealed records, "shall . . . not be made available to any person or public or private agency."  C.P.L.  § 160.50(1)(c).