PETER C. DEE, ESQ.
23 Jones Street, Unit 11
New York, NY 10014
(917) 734-7023
deepeterc@gmail.com

October 19, 2022

**VIA ECF**
The Honorable Frederic Block
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Patricia Ranta, et. al. v. City of New York et.al.*, 14 Civ. 3794 (FB)(LB)

Your Honor:

    I am counsel for Patricia, Nicholas and Priscilla Ranta, Plaintiffs in the above referenced case. I write in response to Defendant City of New York and Defendant Chmil's October 12, 2022 letter requesting a pre-motion conference in anticipation of a motion for summary judgment and motion to preclude evidence from Plaintiffs' expert witness, Kristin K. Kucsma. Defendant Scarcella joined in the request.

    Plaintiffs' remaining claims are for negligent infliction of emotional distress, negligent hiring, training, discipline and, as to Patricia Ranta only, loss of consortium. Plaintiffs have admissible evidence that will cause a jury to reach a decision in Plaintiffs' favor on each claim.

    To begin, Plaintiff Patricia Ranta's cognizable, derivative claim for loss of consortium, is based on David Ranta's underlying claims (which he settled), and which include but are not limited to, his wrongful arrest and malicious prosecution. These underlying claims are well supported by the facts and evidence in this case, including the negligent supervision of the NYPD. As for the underlying false arrest claim, as Defendants outlined in their letter, a grand jury indictment creates a presumption that there was probable cause for the prosecution of a defendant. *See e.g.*, *Green v Montgomery*, 219 F.3d 52 (2d Cir. 2000). However, that presumption can be overcome "by evidence that the indictment was the product of fraud, perjury, the suppression of evidence by police, or other police conduct undertaken in bad faith." *Id.* (*quoting Marshall v Sullivan*, 105 F.3d 47, 54 (2d Cir 1996)). Furthermore, the presumption of probable cause "can be overcome by a showing that 'the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures.'" *Harris v State*, 302 A.D.2d 716, 717; 756 N.Y.S.2d (2003) (*quoting Hernandez v. State of New York*, 228 A.D.2d 902, 904; 644 N.Y.S.2d 380 (1996)).

Here, the police conduct alleged, and supported by the evidence, is so egregious, that the New York City's District Attorney's Conviction Integrity Unit overturned Mr. Ranta's conviction. The record is rife with misconduct perpetrated by Defendants Chmil and Scarcella that deviates far and wide from acceptable police activity. For example, the detectives coached a witness at a lineup to identify Mr. Ranta, procured perjured testimony from unreliable witnesses, fabricated a confession, and failed to follow viable leads. They did this while failing to document their conduct and violating many other NYPD policies and procedures, with no real supervision by the NYPD. "Like a prosecutor's knowing use of false evidence to obtain a tainted conviction, a police officer's fabrication and forwarding to prosecutors of known false evidence works as an unacceptable 'corruption of the truth-seeking function of the trial process,'" which can overcome the presumption of probable cause. *Manganiello v. City of New York*, 612 F.3d 149, 162 (2d Cir. 2010) (*quoting Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2d Cir. 1997). Further, "the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause." *Colon v City of New York*, 60 N.Y.2d 78, 82 (1983). The evidence in this case, which includes a similar pattern of misconduct involving the same lying detectives resulting in over fifteen murder conviction exonerations, is more than sufficient to overcome a presumption of probable cause, and it creates a factual inquiry appropriately submitted to a jury at trial. *See e.g. Marshall v Sullivan* 105 F.3d 47, 55 (2d Cir 1996).

Patricia Ranta's claim for loss of consortium is not rooted in the physical absence of her husband, and is analogous to a wrongful death case. As in those cases, David and Patricia Ranta had a valid and lawful marriage, there was a tortious injury to Mr. Ranta, loss of consortium was suffered by Patricia Ranta, and the loss was proximately caused by defendants' bad acts.

Defendants highlight the decision by Judge Amon in *Hamilton v. Scarcella* to allege that Plaintiffs' claim for negligent infliction of emotional distress (NIED) is not cognizable, however, this Court already ruled on issue in deciding to deny Defendants' Motion to Dismiss on the same issue. As this Court outlined in its decision, Plaintiff's claim falls under a third variant of the NIED cause of action which do not fit into the first two theories relating to bystanders and in cases where there is direct duty of care. *Ranta v. City of New York,* 481 F.Supp.3d 115, 119 (2020). This cause of action exists for cases, as with this one, where "there exists an especial likelihood of genuine and serious mental distress arising from the special circumstances, which serves as a guarantee that the claim is not spurious." *Johnson v State*, 37 N.Y.2d 378, 372 N.Y.S.2d 638, 334 N.E.2d 590 (1975). The cases the *Hamilton* decision analyzes to dismiss a NIED claim under this theory of recovery notably do not deal with this third variant, but instead discuss cases where a direct duty of care was at issue. *Ornstein v New York City Health and Hospitals Corp.* involves a nurse who was stuck by a needle from an HIV positive patient, and no mention of special circumstances appears in the opinion. 10 N.Y.3d 1 (2008). Similarly, *Taggart v. Costabile* discusses whether "extreme and outrageous conduct" is an essential element in a cause of action for NIED where special circumstances are not alleged. 14 N.Y.S.3d 388 (N.Y. App. Div. 2015). The egregious nature of the facts in this case create an instance where this Court predicted "that the Court of Appeals would hold the consequences of a wrongful conviction on spouses and children would present the 'especial likelihood of genuine and serious mental distress.'" *Ranta, supra* (*quoting Johnson, supra*). Regardless, "[t]he decisions of district courts, even those located within the same

district, are not binding on other district courts." *Sharp v Ally Financial, Inc.*, 328 F.Supp.3d 81, 97 (N.Y.W.D. 2018). *See also Camreta v. Greene*, 563 U.S. 692, 709 fn 7; 131 S.Ct. 2020 (2011).

As to Defendants' assertion that Plaintiffs' negligent hiring, supervision claim should be dismissed, such a claim is permitted when punitive damages are sought based upon facts evincing gross negligence or recklessness in the hiring or retention of the employee, which is the case here. 14 NY Practice, NY Law of Torts Sec 9:29 (citing *Moncho v. Miller*, 200 A.D.3d 216 (1st Dept. 20210; *Quiroz v. Zottola*, 96 A.D.3d 1035, 948 N.Y.S.2d 87 (2d Dept. 2012); *Rivera v Bhuiyan*, 149 A.D.3d 493, 52 N.Y.S.3d 315 (1st Dept. 2017); *Henry v Sunrise Manor Center for Nursing and Rehabilitation*, 147 A.D.3d 739, 46 N.Y.S.3d 649 (2d Dept. 2017). Here, Defendant City of New York's negligent hiring, training, discipline and supervision of Defendants Scarcella and Chmil was grossly negligent and reckless. Had they done any supervision whatsoever, the City would have known of the detectives' "propensity for the conduct which caused the injury prior to the injury's occurrence." *Doe v. Abdulaziz Bin Fahd Alsaud*, 12 F.Supp.3d 674, 680 (S.D.N.Y. 2014). Almost 20 convictions in cases that Detective Scarcella worked on have now been vacated, some before David Ranta's case, and all including similar misconduct and lack of supervision. In Mr. Ranta's case, the evidence shows that Chmil and Scarcella were able to run amok without even filing the basic police forms, DD-5s, that should have allowed for their responsible supervision. Failure of Defendant New York City to require the same is evidence of their gross negligence and recklessness.

Finally, Defendants indicate that they intend to file a motion to preclude the opinions of Plaintiff's expert, Kristin K. Kucsma, M.A., under <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 597 (1993). Defendants' grounds for such motion are unsupportable and alternatively plaintiff reserves the right to seek leave to amend or supplement the expert disclosure. *See e.g., Amorgianos v. National R.R. Passenger Corp.*, 303 F.3d 256 (2d Cir 2002) (noting district court granted leave to supplement expert evidence). Defendants first object to Kucsma's report on the basis that it relied on categories of pecuniary damages available in the context of wrongful death cases. However, the damages suffered by plaintiffs in this case, arising from the false arrest, malicious prosecution and wrongful incarceration of David Ranta over a 23-year period, are – from the time of Mr. Ranta's arrest until his release – highly analogous, if not identical, to those suffered by surviving family members of a decedent in a wrongful death case. Secondly, defendants object that the Kucsma report relies on "unrealistic assumptions" such as the date on which Mr. Ranta would have returned to the marital residence. Unfortunately, the Rantas will never know what would have happened had defendants not wrongfully targeted and put Mr. Ranta away for 23 years, leaving behind his then young wife and two young children. What we do know is that, despite the couple's months-long separation, Patricia continued to love Mr. Ranta and had hoped to reconcile with David one day and Mr. Ranta continued to spend time with, and loved, both of his children. These are all issues of fact. Defendants go on to raise additional issues of fact and lastly appear to take the position that plaintiffs are not entitled to any damages post-conviction on proximate causation grounds, all of which are without merit. Defendants' anticipated motion to preclude plaintiff's expert will fail.

We thank the Court for its courtesy and consideration.

Respectfully submitted,

/s/ Peter Dee

Peter Dee, Esq.

cc: All Counsel (via ECF)